FILED
NOV 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.**

RAFAEL J. DOMINGUEZ #32274-004
Butner Complex-F.C.I./Clemson
POB 1000
Butner, N.C. 27509
Petitioner,

v.

BUREAU of PRISONS, et al.,

Respondents.

CASE NUMBER 1:05CV02242

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/17/2005

### Jurisdiction

Complaint

This Court has jurisdiction under 28 U.S.C. 2241; 28 U.S.C. § 1331; 1391, 42 U.S.C. § 1983, 1985, 1986, 1988; 18 U.S.C. § 241 and 242.

### Venue

Venue is appropriate in the District of Columbia, Washington, D.C. where respondents presently headquartered.

### INTRODUCTION

There is no one that could anticipate what will be encountered as there is no normalcy as everything in the Bureau of Prisons (hereafter BOP) is unpredictable, regardless of judicial mandate or rulings. The BOP has a complete disregard for same.

Petitioner has been, on numerous occasions, informed by prison staff that they are

RECEIVED
OCT 24 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

above the law and that since we are prisoners that the judges and the outside law will protect then, not prisoners -- even when we are right.

## GROUND ONE

> Forced compliance to "in-house" BOP rules in which the BOP blatantly, deliberately, and maliciously supersede judicial jurisdiction to wit: under the color of law and under duress force prisoners to mandatorily pay the monies wanted by the staff of BOP. Using threat, coercion. Intimidation and blackmail to pay the said amount wanted by the in-house rules of the BOP.

1. Petitioner was forced and threatened by various staff members of the BOP that he must sign their "contract" concerning the FRP, or else he will be retaliated against and suffer the wrath of staff.

2. Petitioner has previously exhausted the administrative remedy process as prescribed by the BOP rules. At all stages the BOP refuses to accept official judicial documents concerning this present action, and invoke concurrent judicial jurisdiction.

3. In June 2004 petitioner was forced under duress to sign a new FRP contract, by BOP staff, demanding fifty percent of his monthly earnings or risk the loss of his job. Petitioner made it quite clear that he was only signing said contract under duress because of the intimidation, coercion and threats applied. Exhibit 1.

> "This must be absolutely clear that at no time have I refused to participate in any programs, what I am refusing to do is to continue to be abused and threatened and coerced and forced under penalties to adhere to demands under the guise of authority. I am under the 'old' law adjudged by the Federal District Court Judge has stated, as a copy of the sentencing transcripts shows, that this committed fines is not due until the end of my sentence". (Exhibit _____ _____).

2

4.      Petitioner exhausted administrative remedies beginning on March 1997, at the institutional level. **(Exhibit 4 & 4-A).** Please note both exhibits refer to the same content, however, the unit manager refused to sign original and ha an acting subordinate sign this form because the unit manager thought petitioner was right. Petitioner's request was to by-pass the level via region because petitioner has o faith in receiving an unbiased ruling in FCI Marianna, as the staff support other concerning any arbitrary and malicious conduct against prisoners. By response dated 5/14/97, petitioner's remedy was "granted" to allow him to proceed at the regional level. In this response the respondents stated, in order to grant you a response that would be unbiased your request for a BP-10 is being granted." Clearly, respondents are admitting that they are indeed a bias organization. The facts are clear in this matter. **(Exhibit 5).**

5.      Petitioner appealed to the Region on March 10, 1997. The FRP Coordinator, Stanley Davies, stated to the petitioner, "I will not accept any judge's order, not your Judgment and Commitment Order the way it stands. I have concurrent judicial authority to impose forced payment of your fine and to use my position to influence this."

6.      The response of June 24, 1997, to petitioner Regional appeal notes in part, "The FRP is a valid collection program that is in compliance with the laws of the United States Government." Petitioner has never challenged that the BOP is in fact a collection agency of the government. The respondents have just assumed that petitioner is

challenging this program to draw away from the actual factual basis of this issue. The response further states,

> " In accordance with the procedures established in Program Statement 5380.05, IFRP, dated January 3, 1996, all sentenced inmates with financial obligations should develop a financial plan to meet those obligations. The program is not mandatory; however, any inmate who refuses to participate in the IFRP or fall to comply with provisions of their established financial plan, will incur appropriate consequences. In your case your sentence include a fine in the amount of $30,000. However, the Judgment and Commitment Order submitted fail to address any specific payment plan or procedures. Therefore, since it is the Bureau of Prisons responsibility to administer the financial responsibility program, staff appropriately contacted the United States Probation Officer to accordingly, staff's pursuit of payment via the IFRP is appropriate and in compliance with national policy."

7. On July 8, 1997, petitioner appealed Regional response. **(Exhibit 7 to 7-C).** In this appeal, petitioner stated, that everyone is avoiding to respond that BOP officials do not have the vested constitutional concurrent judicial authority, to imposed and demand via threats, coercion, and intimidation a payment plan to his fine that was imposed by the District Court Judge. Plaintiff also explained that since the Judgment Order did not specifically address the payment plan, it was because the payment plan Was explained the Official Court Transcript (Page 65 - Sentencing Transcript, **Exhibit 13).**

8. Petitioner further stated in the BP-11 to respondents that since his official transcripts will not be honored, the BOP still does not have the concurrent judicial authority to add to, or change the Judgment and Commitment Order to formulate a

4

payment plan that they (BOP) wish to force petitioner too pay. Petitioner requested of respondents to furnish him with a copy of the authority, mandate, etc., that gave them(BOP) the constitutional or otherwise authority to do this act. **(Exhibit 7 to 7-C).**

9. In respondents response to petitioner's BP-11 **(Exhibit 7 to 7-C)** date 8/21/97, the (BOP) blatantly changed petitioner's fine and now made it one of restitution. It must be noted that when the respondents changed the petitioner is committed fine to restitution, it was done illegally at the BOP's administrative remedy level in Washington, D.C., to again maintain that they could collect these monies and confuse The issue. It must also be noted that respondents again utilize threats as outlined in Paragraph 1 thru 5 in **Exhibit 8** -- response to **Exhibit 7 to 7-C --BP-11** National Appeal.

10. On August 6, 1998, petitioner spoke with Sue Green, FRP Coordinator, FCI Cumberland. Counselor Green informed petitioner that, "Yes, you have a very valid Point that your J & C Order does not order nor show any payment plan for your fine." Green went on to tell petitioner he could refuse to pay. Petitioner then stated that if he Refused, then he would be liable to consequences as stated by various BOP writings. **(Exhibits 1, 2C, 6F, 8 & 8A)**. Green conceded that, "Yes this is very possible." [See further **Exhibit 8B** dated 7/31/98, signed by associate Warden D. Murphy.]

## GROUND TWO

**Complete Disregard for Judicial Jurisdiction in Violation of 28 C.F.R. § 571.**

---

11.   Petitioner contends he should be exempt from the IFRP as he is an "Old Law" prisoner. 28 C.F.R.§ 571 states unclear that petitioner is exempt and that the Warden nor the Regional Director no longer have the authority to determine an inmate's ability to pay his fine. **(Exhibit 9 - 9A).**

12.   Petitioner contends that while the respondents do not have the authority To forcibly collect this committed fine, they are indeed in violation of 28 C.R.F.§571, and under the color of law forcing threatening extorting, and blackmailing petitioner in this matter, the respondents in this action are acting with malice and forethought to conspire against petitioner, regardless of law.

13.   Respondents personal action s superceded that of Federal Laws and Court Mandates. Petitioner asserts that as an "Old Law" prisoner, he should be exempt from the IFRP, because of District Court Judge's ruling as to when payment is due. **(Exhibit 12 & 13).**

14.   The Inmate Financial Responsibility Program (IFRP) is not in compliance with the laws of the United States as interpreted by the Federal Courts. Furthermore, the IFRP does not have the statutory authority of law to set the amount and timing of payments for fines or restriction imposed as part of a criminal sentence by a district court of the United States.

15. The Bureau Program Statement 5380.05, titled, "Inmate Financial Responsibility Program." Dated January 3, 1996, <u>implies</u> that the Act of 1982, the Victim of Crime of 1984, the Comprehensive Protection Crime Control Act of 1984, and the Federal Debt Collection Procedure Act of 1990 <u>requires</u> all law enforcement agencies to establish collection procedures for all "court" ordered obligation."

16. The VWPA of 1982 authorized the imposition of restitution as part of sentencing in any criminal case. The VWPA of 1984 authorized the imposition of restitution as a condition of probation.

17. The Victim of Crime Act of 1984 authorized a crime victim fund to be established (See, United States Code, Title 42 §10601, for which victims of crimes are compensated. The Comprehensive Crime Control Act of 1984 codified as Title 18 §3663 provides for imposition only of restriction; § 3572 provides for the Imposition of a fine and the method of payments, and statutory law requires the Sentencing Court - at the time of sentencing) to establish the amount of fine and the method of payment. These payments will form the bulk of the deposits in the victim crime fund.

18. The FDCFPA of 1990 also recognizes insolvency under sub-chapter 3302(a)(b), a debtor is insolvent (indigent) if the sum of debtor's debt (fine or restitution) is greater than all of the debtor's assets at a fair valuation.

## **GROUND THREE**

**Respondents complete disregard for the Judgment and Commitment Order dated January 29, 1991 to with Sentencing Transcript, Page 65.**

---

19.     Petitioner tried to explain his Judgment and Committee Order **(Exhibit 12)** to respondents, but to no avail. The respondents refused to listen to the petitioner's explanation, as petitioner was informed by Respondents (Stanley Davies unit manager of FCI Marianna) whatever they so desired, which prove to be factual.

20.     In fact, petitioner filed a BP-9 **(Exhibit 10 to 10-C)** on or about July, 1995. Unit Manager Davies informed petition as follows, "I am the alternate DHO [Disciplinary Hearing Officer] and I know how to write, and if anyone doesn't like the way I or my staff work and you complain, then you should know that they (BOP) would believe staff before an inmate. I can and will do one of several things: "I could transfer you further away from your family, I could and would put you in the 'hole' and then you really will be under my complete control, or I could get you a disciplinary transfer. I can do this because, also, my buddy is the head of S.I.S (Supervisory Investigation Staff), so I know what I am talking about." **(Exhibit 10 to 1-C).** It should be noted that indeed petitioner requested to be moved to another unit for fear of reprisal and, possible retaliatory actions taken against him.

8

21. Clearly, Page 65 of Sentencing Transcript relay petitioner is unable to pay this Fine. **(Exhibit 13)**. In fact, the Assistant United States Attorney (AUSA) and sentencing Judge acknowledged petitioner's indigence in this case.

Specifically, the Court held,

| | |
|---|---|
| AUSA - Ms. Ortiz: | Well, he may -- he may be indigent at this point, but he may not be an indigent at the time he is released and time that he has to pay the fine. |
| Mr. Lopez: | Your Honor, I -- I wonder how earning 22 cents an hour somebody at the time of being released can pay $30,000. So I understand that his indigence condition will remain the same for many, many years to come from now on. |
| The Court: | Well, there are two things involved in this matter. It is true that he is now indigent ... Seems to me that this is a committed fine, what I'm doing is a committed fine; and at that point in time when he is eligible for release, that's the time when you can of course address this issue. |
| Mr. Lopez: | So it is understood that those $30,000 dollar fine is a stand-committed fine? |
| The Court: | Yes, for both defendants. |

## Conclusion

Petitioner is being extorted, through devious and direct means regardless of judicial rulings, 50% of his prison earnings via a form of garnishment towards the IFRP via coercion, intimidation, threats, and blackmail.

Respondents are doing these things through malicious, deliberate, capricious actions, and blatantly disregard for judicial jurisdiction, which created this "cause of action." Through these overts and convent methods of retaliation by direct deprivation of privileges, or by denial of potentially available privileges, resulting in retaliation and any non-compliance would solidify petitioner's complaint. Petitioner does not have a fine of restitution, nor do the Warden or Regional Director have the authority to forceably collect these monies. Further, the petitioner is and has been recognized by the Court to be indigent.

This Court must put grater emphasis on the respondents (BOP's) complete disregard for the laws of the land. The BOP are active depressors. They completely believe that they are "beyond the law" because they "are the law." The BOP openly violate the rights of the prisoners. The BOP believes it could dictate and change any judicial mandate to whatever they wish it to mean. This believed concurrent judicial jurisdiction cannot be allowed to continue. This abuse cannot be allowed to continue. The BOP advocates and allows any and all violations of law against prisoners under the guise of defenders and punishers of those who are incarcerated. The BOP is running amok doing any and all things to those incarcerated.

# DEFINITION OF WORDS AND SOURCES

### Merriam-Webster Dictionary

**threat**

1 : An expression of intention to inflict evil, injury, or damage.

2: One that threatens.

3: An indication of something impending <the sky held a threat of rain>

### Houghton Mifflin Dictionary

**threat**

1. An expression of an intention to inflict pain, injury, evil, or punishment.

2. An indication of impending danger or harm.

3. One that is regarded as a possible danger, a menace.

### Columbia University Press - Encyclopedia

**threat**

In law, declaration of intent to injury another by doing unlawful act, with view of freedom of action. A threat is distinguishable from assault, for an assault requires some physical act that appears likely to eventuate in violence, whereas a threat may consist of words only or an act that is not violate, e.g. unlawful prosecution. Threats made to obtain money or property wrongfully are crimes, and under some statutes, the mere sending of no extortionate letters that announce intent to injure the person or property of another is criminal. Any contract concluded while one party is deprived of his freedom of will by a threat is invalid and may be set aside.

i

**Houghton Mifflin Dictionary**

    **contract**

1. a. An agreement between two or more parties, especially one that is written and enforceable by law.

   b. The writing or document containing such an agreement.

   c. To enter into or make an agreement.

**Dictionary by Farlex (Law dictionary)**

    **contract** - An agreement with specific terms between two or more persons or entities in which there is a promise to do something in return for a valuable benefit know as consideration. The existence of a contract requires finding the following factual elements: a) an offer; b) an acceptance of that offer which results in a meeting of the minds, c) a promise to perform; d) a valuable consideration )which can be a promise or payment in some form);  a time or event performance must be made (meet commitments); f) terms and conditions for performance including fulfilling promises; g) performance. Contract can be either written or oral, but oral contracts are more difficult to prove and in most jurisdictions the time to sue on the contract is shorter. In some cases a contract can consist of several documents, such as a series of letters, orders, offers, and counteroffers.

**Houghton Mifflin Dictionary (Thesaurus)**

    **intimidation**

An expression of the intent to hurt or punish another: menace, threat.

ii

### WordNet

**intimidation**

Meaning #1: the act of intimidating a weaker person to make them do something

Meaning #2: the feeling of discouragement in the face of someone's superior fame or wealth or status etc.

Meaning #3: the feeling of being intimidated; being made to feel afraid or timid

Meaning #4: a communication that makes you afraid to try something

### Merriam-Webster Legal Dictionary

**constructive force**

the use of threats or intimidation for the purpose of gaining of gaining control over or preventing resistance from another.

### Columbia University Press - Encyclopedia

**coercion**

power used to overcome resistant : compulsion. constraint, duress, force, pressure, strength, violence.

The use of express or implied threats of violence or reprisal (as discharged from employment) or other intimidating behavior that puts a person in immediate fear of the consequences in order to compel that person to act against his or her will.

iii

**Columbia University Press - Encyclopedia**

Coercion, in law, the unlawful act of compelling a person to do, or to abstain from doing, something by depriving him of the exercise of his free will, particularly by use or threat of physical or moral force. In many states of the United States, statutes declare a person guilty of a misdemeanor if he, by violence or injury to another's person, family, or property, or depriving him of his clothing or any tool or implement, or by intimidating him with treat of force, compels that other to perform some act that the other is not legally bound to perform. Coercion may involve other crimes, such as assault. In the law of contracts, the use of unfair persuasion to procure an agreement is known as duress; such a contract is void unless ratified. At common law, one who commits a crime under coercion may be excused if he can show that the danger of death or great bodily harm was present and imminent. However, coercion is not a defense for the murder or attempted murder of an innocent third party.

**WHEREFORE,** petitioner prays that this Honorable Court will order the respondents to stop extorting him; issue a mandatory injunction directing the respondents from their forced collection activities; that while this action is pending petitioner be exempted from the IFRP until the Court decides if the BOP has vested authority to collect these monies. If the Court is not in complete agreement with petitioner, then an evidentiary hearing should be conducted.

Respectfully submitted,

Dated: 9/19/05

Rafael J. Dominguez
#32274-004
FCI Butner
P.O. Box 1000
Butner, NC 27509-1000

## Certificate of Service

I hereby certify that an original and three copies of the foregoing Motion Under 28 U.S.C. § 2241, has been mailed to the Clerk of Court, District of Columbia, Washington D.C. by depositing same in the U.S. mail on this the 19th day of Sept, 2005

Rafael J. Dominguez