*to be added*

*Exhibit* 1

PAGE NO: 001

## INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 32274-004
INMATE NAME....: DOMINGUEZ, RAFAEL JESUS
FACILITY.......: BUTNER LOW FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...:  AMT/PCT: *25⁰⁰*  FREQ: *Quarterly* ORIGIN: *IF*

START CYCLE......: *12-1998*

INMATE DECISION..: *AGREE*

OBLIGATION NUMBER: *1* _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _

*under Duress*

INMATE SIGNATURE.......: *R Dominguez*  DT SIGNED: *10-29-98*

STAFF WITNESS SIGNATURE: *Jim Barnes*  DT SIGNED: *10-29-98*

**FILED**

05 2241

NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 32274-004
INMATE NAME....: DOMINGUEZ, RAFAEL JESUS
FACILITY.......: BUTNER LOW FCI


A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.


PAYMENT METHOD...: AMT/PCT: _50%_    FREQ: _Monthly_    ORIGIN: _TF_

START CYCLE......: _08-2002_

INMATE DECISION..: _Agree_

OBLIGATION NUMBER: _1_


INMATE SIGNATURE.......: _____    DT SIGNED: _7/10/02_

STAFF WITNESS SIGNATURE: _____    DT SIGNED: _7-10-02_

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 32274-004
INMATE NAME....: DOMINGUEZ, RAFAEL JESUS
FACILITY.......: BUTNER LOW FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...:  AMT/PCT:  _50%_  FREQ: _Monthly_  ORIGIN: _UN_

START CYCLE......:  _06-2004_

INMATE DECISION..:  _AGREE_

OBLIGATION NUMBER:  _1_

Coersion, [illegible] intimidation

INMATE SIGNATURE.......:  _X [signature]_          DT SIGNED: _5/13/04_

STAFF WITNESS SIGNATURE:  _[signature]_            DT SIGNED: _5-13-04_

PAGE NO: 001

INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 32274-004
INMATE NAME....: DOMINGUEZ, RAFAEL JESUS
FACILITY.......: BUTNER LOW FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...: _AMT_/PCT: _25⁰⁰_   FREQ: _QTR_   ORIGIN: _TF_

START CYCLE......: _06-2005_

INMATE DECISION..: _AGREE_

OBLIGATION NUMBER: _1_ __ __ __ __ __ __ __ __ __

__ __ __ __ __ __ __ __ __ __

INMATE SIGNATURE.......: _Inmate Refused to Sign_   DT SIGNED: _3-9-05_

STAFF WITNESS SIGNATURE: _[signature]_   DT SIGNED: _3-9-05_

_S. Oe_   _3-9-05_

AO 245 (Rev. 8/87) Judgment in a Criminal Case

# United States District Court

FOR THE JUDICIAL _____ **DISTRICT OF** ___PUERTO RICO___

UNITED STATES OF AMERICA

V.

RAFAEL JESUS DOMINGUEZ TRUE NAME:
JESUS RAFAEL MARQUEZ

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR. 87-161-2 (HL)

(Name and Address of Defendant)

ALAN ROSS, ESQ.
Attorney for Defendant

THE DEFENDANT ENTERED A PLEA OF:

[☐ guilty  ☐ nolo contendere] as to count(s)_____, and
☐ not guilty as to count(s)_____

THERE WAS A:
[☐ finding  ☒ verdict] of guilty as to count(s) _2,3,4,6 & 8_____.

THERE WAS A:
[☐ finding  ☐ verdict] of not guilty as to count(s)_____.
☐ judgment of acquittal as to count(s)_____.
   The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:   aid and abet;obstruct, delay, etc., movement
of commodity in commerce in violation of 18:2,1951(a) as charged in Count 2;a/a;transport of stolen money in
interstate commerce in violation of 18:2;2314 as charged in Count 3;a/a;concealed stolen money which constituted
interstate commerce in violation of 18:2;2315 as charged in Count 4;obstruct administration of justice, re: GJ
investigation, in violation of 18:1503 as charged in Count 6;gave false statement before GJ, in violation of
Title 18:1623 as charged in Count 8 of the Indictment.

IT IS THE JUDGMENT OF THIS COURT THAT: It is adjudged in Cr. Case No. 87-161 that defendant
**RAFAEL JESUS DOMINGUEZ,** is hereby committed to the custody of the Attorney General of the United States, or
his authorized representative for imprisonment for a period of twenty(20) years in Count Two and fined the sum
of $10,000.00; for a period of ten (10) years as to each of Counts Three and Four and fined the sum of
$10,000.00 as to each count; for a period of five(5) years as to each of Counts Six and Eight; said terms of
imprisonment are to be served consecutively to each other.

In addition to any conditions of probation imposed above, IT IS ORDERED that the conditions of proba-
tion set out on the reverse of this judgment are imposed.

## CONDITIONS OF PROBATION

Where probation has been ordered the defendant shall:

(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;

(2) associate only with law-abiding persons and maintain reasonable hours;

(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);

(4) not leave the judicial district without permission of the probation officer;

(5) notify your probation officer immediately of any changes in your place of residence;

(6) follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $_____ pursuant to Title 18, U.S.C. Section 3013 for count(s)_____ as follows:


IT IS FURTHER ORDERED THAT counts_____are DISMISSED on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

☒ The Court orders commitment to the custody of the Attorney General and recommends:
That if possible and subject to the Bureau of Prisons Schedule and Program that defendant continue to serve his sentence at the Miami Correctional Institution until his appeal is resolved.

JANUARY 29, 1991
Date of Imposition of Sentence

Signature of Judicial Officer
HECTOR M. LAFFITTE, U.S.D.J.
Name and Title of Judicial Officer
JANUARY 29, 1991
Date

By _Nigel Tyson_

Date: _Jan. 30, 1991_

### RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _2-12-91_ to _USP Terre Haute_ at

_Terre Haute In 47808_, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

_T. R. Kindt, Warden_
United States Marshal

By_____
Deputy Marshal

INMATE FINANCIAL CONTRACT

*Exhibit 1*

REGISTER NUMBER: 32274-004
INMATE NAME....: DOMINGUEZ, RAFAEL JESUS
FACILITY.......: CUMBERLAND FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S) INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...: AMT/PCT: _50_   FREQ: _MO_   ORIGIN: _Unicor_

START CYCLE......: _07-1998_

INMATE DECISION..: _Agree_

OBLIGATION NUMBER: _1_ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _

*Under Duress, intimidation and coercion*

INMATE SIGNATURE.......: _____   DT SIGNED: _____

STAFF WITNESS SIGNATURE: _____   DT SIGNED: _6/22/98_

"A"



MNA 1330
June 1,
Attachme

### ATTEMPT AT INFORMAL RESOLUTION
(Request for Administrative Remedy)

Federal Bureau of Prisons Program Statement 1330.11 Administrative Rem
Procedures for Inmates, dated October 29, 1993, requires that inmates sh
informally present their complaint to staff and staff attempt to informa
resolve any issue before an inmate files a Request for Administrative Rem
(BP-9).  If an informal resolution can not be met, the inmate will be gi
a BP-229 (13) form.

INMATE'S NAME: Dominguez, Rafael J. REG. NO.: 32274-004 UNIT: A/B

1.  Nature of problem (cite relevant policy - if UDC/DHO appeal, specify
    relevant section of Inmate Discipline Policy): Inmate disagrees with
    BOP Official S. Davis that he has the legal Authority not to accept official court Transc
    As being valid for the explonation of Judges adjudication concerning the committed fine n
    when Judge ordered it due.

2.  State what action or resolution inmate expects.  Be Specific: _____
    _____ wishes to file further — BP-9 etc.

3.  (a) Summary of investigation: The Unit Team has Required that a Financial
    ObLigation (Fine of Approximately $30.000.00) be Paid by inmate
    Dominguez

    (b) Summary of findings after investigation: This Financial ObLigation
    Has been Confirmed by the Probation Office. That This obligati
    is Due To be Paid During the inmates Incarceration.

4.  Indicate the action you have taken to resolve the matter informally
    (including actual steps taken to resolve): _____
    _____
    _____

5.  Explanation for non-resolution: _____
    _____
    _____

Date & Time Issued: 2-25-97 Correctional Counselor: _____
Date & Time Inmate Returned: 2-26-97 Correctional Counselor: _____

Date & Time Investigation Completed and BP-9 issued: _____

Unit Manager Signature: _____

Distribution:  (1) If complaint is informally resolved, forward original
               signed below and dated by inmate, to Warden's Office fo
               filing.
               (2) If complaint is not informally resolved, forward origina
               (attached to BP-DIR-09 form) to Paralegal.

_____, this issue was informally resolved.


_____          _____
     Inmate Signature                      Date

MNA 13
June 1
Attach:

## ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

Federal Bureau of Prisons Program Statement 1330.11 Administrative F
Procedures for Inmates, dated October 29, 1993, requires that inmates
informally present their complaint to staff and staff attempt to infor
resolve any issue before an inmate files a Request for Administrative R
(BP-9). If an informal resolution can not be met, the inmate will be
a BP-229 (13) form.

INMATE'S NAME: Dominguez, Rafael J.  REG. NO.: 32274-004 UNIT: A

1. Nature of problem (cite relevant policy - if UDC/DHO appeal, spec
   relevant section of Inmate Discipline Policy): Inmate disagrees wil
   BOP official S. Davis, that he has the legal Authority not to accept official Court Tra
   As being valid for the explanation of Judges adjudication concerning the committed Fine
   when Judge ordered it due.

2. State what action or resolution inmate expects. Be Specific:
   wishes to file further - BP-9 etc.

3. (a) Summary of investigation: The Unit Team has Reviewed that a Finance
   Obligation (Fine of Approximately $30,000.00) be Paid by inmate
   Dominguez

   (b) Summary of findings after investigation: This Financial Obliga
   has been Confirmed by the Probation Office, That This Obliga
   is Due To be Paid During the Inmates Incarceration. -

4. Indicate the action you have taken to resolve the matter informall
   (including actual steps taken to resolve):

5. Explanation for non-resolution:

Date & Time Issued: 2-25-97 Correctional Counselor:
Date & Time Inmate Returned: 2-26-97 Correctional Counselor:

Date & Time Investigation Completed and BP-9 issued: 3-3-97

Unit Manager Signature: D. Coy, Act / U/m

Distribution: (1) If complaint is informally resolved, forward origir
              signed below and dated by inmate, to Warden's Office
              filing.
          (2) If complaint is not informally resolved, forward origi
              (attached to BP-DIR-09 form) to Paralegal.

_____, this issue was informally resolved.

_____          _____
Inmate Signature                      Date

U.S. DEPARTMENT OF JUSTICE — Case 1:05-cv-02242-CKK Document 1-2 — ADMINISTRATIVE REMEDY — Filed 11/17/2005 Page 10 of 25
Federal Bureau of Prisons

Exhibit 5

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** DOMINGUEZ RAFAEL JESUS    APACHE - B    FCI MARIANNA, FL.
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

I HAVE _____ THE BP-9.

I AM REQUESTING A BP-10 TO CONTINUE WITH MY REMEDY PROCEDURES

4/18/97 - As per instructions after your conference with me. My complaint centers around an officer of the BOP assigned to FCI Marianna and actions which he took against me.

Rec'd Back: 3/6/97 _____ with the _____

**MARCH 4, 1997**          *SIGNATURE OF REQUESTER*
DATE

**Part B– RESPONSE**

This is in response to your Administrative Remedy receipted April 24, 1997. Specifically, you requested a BP-10 to continue with your administrative remedy. You stated that the issue was in reference to an action against you by the Financial Responsibility Coordinator at the Federal Correctional Institution, Marianna, Florida.

An investigation was conducted and a review of the issue of your request was investigated. This investigation indicated that your request is in reference to a decision made at the institution level, by the Financial Responsibility Coordinator at Marianna. This action was taken as per Program Statement, 5380.05, Financial Responsibility. In order to grant you a response which would be untimely, your request for a BP-10 is being granted.

Based upon the above facts your request for Administrative Remedy is approved.

5/16/97          W.S. _____ for
DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**      CASE NUMBER: 132825-F1

     CASE NUMBER: _____

**Part C– RECEIPT**
Return to: DOMINGUEZ RAFAEL J.    32274-004    APACHE - B    FCI MARIANNA, FL.
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      Previous editions not usable      BP–229(13)
APRIL 1982

U.S. Department of Justice
Bureau of Prisons

JUL 14

Central Office Administrative Remedy Appeal

*Exhibit* 7

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: DOMINGUEZ, RAFAEL J.     32274-004     SURGICAL 1-3     USMCFP     SRING.
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

I AM APPEALING  THE ADMINISTRATIVE REMEDY RESONSE BP-10.

I AM ASCERTING THAT THE B.O.P. DOES NOT HAVE JUDICIAL CONCURRENT
AUTHORIZATION TO FORMULATE AND IMPLIMATE A PAYMENT PLAN FOR A FINE
THAT WAS IMPOSED BY THE DISTRICT COURT, AND OF WHICH WAS EXPLAINED
IN THE OFFICAL COURT TRANSCRIPT OF THE SENTENCING PART OF MY TRIAL.
I AM FURTHER  SUBMITTING THAT THE PROBATION OFFICE DOES NOT EITHER
HAVE THIS JUDICIAL AUTHORITY.

THIS APPEAL IS DIRECTED TO CASE # 132825-R1

please see attached  explanation.

July 8 1997
         DATE                                        SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

See attached response

_____
         DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 132825-A2

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT          INSTITUTION

SUBJECT: _____

_____         _____
         DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-DIR-11
April 1982

Exhibit 7A

ADMINISTRATIVE REMEDY BP-11

As per response to the BP-10 dated June 24, 1997, I am sub-
mitting this Bp-11.

The problem is very simple. I am <u>again</u> stating that everyone
is avoiding  to respond that the BOP Official <u>does not have the</u>
<u>vested CONSTITUTIONAL CUNCURRENT JUDICIAL AUTHORITY</u>, to impose and
demand via THREATS, COERCION, AND INTIMIDATION A PAYMENT PLAN TO
my committed fine that was imposed by the DISTRICT COURT JUDGE.

I have not disputed the fact that the BOP has the auth-
ority to collect fines, **if the sentencing COURT has directed and**
**specified on the Judgement and Comittment order.**

This then the specifics of my complaint.

The answer of the BP-10, ADDRESSES or SHOWS CORRECTLY
ARTICULATED AND SPECIFIC AREAS THAT I AM ATTEMPTING TO BRING TO
THE ATTENTION OF THESE BOP OFFICALS.

        1. The J&C order DOES NOT ADDRESS ANY SPECIFIC PAY-
           MENT PLAN FOR THE FINE IMPOSED.

        2. THE PROBATION OFFICE WAS IN FACT CONSULTED.
This is stated in paragraph 3, of the BP-10 response(copy inclosed)

Let me AGAIN address these issues.

        1. It is a fact that the J&C order does not
           specify any payment plan.

        2. On 1-15-92, the duty officer in San Juan, P.R.
           was contacted and appeared to state, according
           to the written note, that the **FINE SHOULD BE**
           **PAYED "immeadiately", and that the fine was a**
           **committed fine(copy inclosed).**

Please note, as I am sure you will, that I have attempted
to clarify that since the J&C order did not specifically address
the payment plan, that it was **BECAUSE THE PAYMENT PLAN WAS EXPLAIN-**
**ED IN THE OFFICAL COURT TRANSCRIPT OF MY RE-SENTENCING.**
I  gave and have given a copy of this part of my transcript to all
officals as I have attempted to explain that **I IN-FACT DO HAVE A**
**PAYMENT PLAN FOR THE IMPOSED FINE, AND THAT PLAN CALLS FOR PAYMENT**
**<u>AT THE END OF MY SENTENCE.</u>**

THIS IS THE PROBLEM AND ANSWER THAT NO-ONE, AS OF THIS MOMENT IS WILLING AND OR WANTS TO ACCEPT THAT THE TRANSCRIPT COPY IS OFFICAL AND DOES ADDRESS SPECIFICALLY THE QUESTION OF WHEN THE FINE IS DUE. As I have also attempted to point out the simple way to clear this up is to contact the Court, not the Probation Office.

I have, at least I have attempted to, clarify this point with LEGAL CASES AND CITES TO SHOW THAT IF THE BOP OFFICALS DONOT WISH TO ACCEPT THE TRANSCRIP AS AN OFFICAL DOCUMENT, THAT STILL BOP DOES NOT HAVE THE CUNCURRENT JUDICIAL AUTHORITY TO ADD TO, OR TO CHANGE THE J&C ORDER AND FORMULATE A PAYMENT PLAN THAT THEY WISH TO FORCE ME TO PAY. I HAVE ASKED THAT IF THIS VESTED AUTH-ORITY WAS GIVEN TO THE BOP, ALL I NEEDED WAS A COPY AND OR THE LOCATION OF THIS AUTHORITY SO THAT I MAY READ IT. THIS HAS BEEN COMPLETELY IQNORED.

I AM ASCERTING AND WILL CONTINUE TO DO SO UNTIL I SEE AND READ DIFFERENTLY THAT THE BOP DOES NOT HAVE THE AUTHORITY TO FORCE ME UNDER DURESS TO PAY THIS FINE UNDER THE TERMS THAT THEY HAVE FIXED. I WAS ATTEMPTING TO COMPLY WITH THE BOP REGULATIONS AND VOLUNTARILY PAY ON THIS FINE, AS NOT TO APPEAR TO BE IN AVOIDING A PROGRAM. THIS WAS NOT TO THE SATISFACTION OF THE BOP OFFICAL AND I WAS TOLD THAT I HAD TO PAY THE AMOUNT THAT THEY (BOP) WANTED. NOT ONLY THE BOP BUT ALSO THE PROBATION OFFICE DOES NOT HAVE THE VESTED JUDICIAL AUTHORITY TO FORMULATE A PAYMENT PLAN.

I will again submitt, that a payment plan was in-fact stipulated, and that that payment plan was at the end of the sent-ence.

I am sending all copyies of the administrative remedy com-plaints and the answers and all the papers that I felt were proof and or explanation to the problem. I donot know of how to better explain and or show my points. I havebeen redundant in many areas but this is the only way that I have found to be articulate and consise in the attempt to get across my point.

I HOPE THAT THIS PROBLEM COULD BE REMEDIED AT THIS LEVEL, IF NOT I WILL CONTINUE TO STATE THAT THE BOP DOES NOT HAVE THE CONCURRENT JUDICIAL AUTHORIZATION TO IMPOSE A PAYMENT PLAN, WHEN A DATE WAS GIVEN BY THE SENTENCING DISTRICT COURT JUDGE, AND SEEK OTHER OFFICAL JUDICIAL ORDERS TO THAT AFFECT.

*Exhibit 7c*

   I am not attempting to be difficult but I must refuse to be coercised into something that I feel in wrong and not of which is correct because the officals wish to show a collection of fines, as if someone was receiving some type of gratuities or recognition for collecting the most amount of funds from fines etc..

   I have been in contact with the Court and all theycould tell me was that the fine imposed was clear and that I did have in my possession the explanation of how, what, and when it was due.

6C

Exhibit 8

ADMIN. REM. 132825-A2
PART B - RESPONSE

You claim you are not required to pay restitution until your
release from federal custody.

Program Statement 5380.05, <u>Financial Responsibility Program,
Inmate,</u> states that the Bureau of Prisons encourages each
sentenced inmate to meet his or her legitimate financial
obligations.  As part of the initial classification process,
staff will assist the inmate in developing a financial plan for
meeting those obligations.  Furthermore, inmates who refuse to
participate in the Inmate Financial Responsibility Program or
fail to comply with provisions of their financial plan will incur
appropriate consequences.

The Victim and Witness Protection Act of 1982, the Victims
of Crime Act of 1984, the Comprehensive Crime Control Act of
1984, and the Federal Debt Collection Procedures Act of 1990
require a diligent effort on the part of all law enforcement
agencies to collect court-ordered financial obligations.  As the
Regional Director informed you, your Judgement and Commitment
order failed to address any specific payment plan or procedures.
Bureau staff contacted the U.S. Probation Office for guidance on
the collection of monies owed.  You certainly may be removed from
the program and discontinue making payments toward to financial
obligations; however, there are severe consequences for not
meeting your financial obligations you should be aware of.  Some
examples of non-participation are:

1.    The inmate will not receive any furlough;

2.    The inmate will not receive performance pay
      above the maintenance pay level;

3.    The inmate will not be assigned to any work
      detail outside the secure perimeter of the
      facility;

4.    Any inmate assigned to UNICOR who fails to make
      adequate progress on his/her financial plan
      will be removed from UNICOR;

5.    The inmate will not be permitted to purchase
      any items in excess of the monthly spending
      limitation, including special purchase items
      like sports equipment, hobby crafts, etc.

*Exhibit 6f*

**REGIONAL REQUEST FOR ADMINISTRATIVE REMEDY      PART B - RESPONSE**
**CASE #: 132825-R1**

**To:** DOMINGUEZ, Rafael                    Reg. No. 32274-004
      FCI, Marianna, Florida

Your Request for Regional Administrative Remedy Appeal received on
June 2, 1997, has been reviewed.   You are alleging the Inmate
Financial Responsibility Program (IFRP) Coordinator at FCI, Marianna,
is unjustly forcing you to pay your financial obligation.

The IFRP is a valid debt collection program that is in compliance with
the laws of the United States Government.   Specifically, the
Victim/Witness Protection Act of 1982, Victims of Crime Act of 1984,
Comprehensive Crime Control Act of 1984, and the Federal Debt
Collection Procedures Act of 1990 require all law enforcement agencies
to establish collection procedures for all court-ordered obligations.

In accordance with the procedures established in Program Statement
5380.05, IFRP, dated January 3, 1996, all sentenced inmates with
financial obligations should develop a financial plan to meet those
obligations.   The program is not mandatory; however, any inmate who
refuses to participate in the IFRP or fails to comply with provisions
of their established financial plan, will incur appropriate
consequences.   In your case, your sentence included a fine in the
amount of $30,000.   However, the Judgment and Commitment order
submitted failed to address any specific payment plan or procedures.
Therefore, since it is the Bureau of Prisons' responsibility to
administer the financial responsibility program, staff appropriately
contacted the United States Probation Office to receive further
guidance on the collection of the monies owed.   Accordingly, staff's
pursuit of payment via the IFRP is appropriate and in compliance with
national policy.   However, should you desire to be removed from the
program and not continue to make payments during your incarceration,
you are free to do so and only need to contact your unit team to
advise them of your decision.   Bear in mind, however, that the
sanctions outlined in Program Statement 5380.05 will be imposed.

Based on the above information, your administrative remedy is denied.

**If dissatisfied with this response, you may appeal to the General
Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC
20534.   Your appeal must be received in the General Counsel's Office
within 30 calendar days of the date of this response.**

June 24/1997
_____
Date

Carolyn V. Rickards
_____
for/Regional Director

*Exhibit 8A*

ADMIN. REM. 132825-A2
PART B - RESPONSE
PAGE TWO

Bureau of Prisons policy requires that you meet your financial obligations and we find no merit to your complaint. Your appeal is denied.

8/2/97
DATE

ED CROSLEY, ADMINISTRATOR
NATIONAL INMATE APPEALS

U.S. Department of Justice

Federal Bureau of Prisons

*Exhibit 8b*

*Federal Correctional Institution*
*Cumberland, Maryland 21502*

Date:        July 31, 1998

Reply To
Attn Of:     Denise M. Murphy
             Associate Warden, Programs

Subject:     Cell Assignments for General Population

To:          All Concerned

Effective August 10, 1998, new procedures will be implemented in the housing units for inmate cell assignments. These changes will ensure that inmates are assigned to an appropriate cell and that there is consistency within the housing units regarding cell assignment procedures. Listed below are the implemented procedures regarding inmate cell assignments:

* Any inmate who refuses to pay his financial obligation and is identified as "FRP REFUSE" will be placed in a three man cell. The inmate will only be allowed to be placed in a two man cell after he signs a new contract and the appropriate amount is deducted from his commissary account for the assigned month.

* Any inmate who is sanctioned by the Unit Disciplinary Committee (UDC) to "Loss of Preferred Housing" will be placed in a three man cell for the duration of the sanction imposed by the UDC.

*Any inmate who receives a score of 6 points or less during the weekly sanitation inspection for their assigned cell will be moved to a three man cell and be placed at the bottom of the seniority status. Inmates whose windows are blocked or beds are not made may also be placed in a three man cell.

*Newly arrived inmates assigned to a housing unit may be placed in a three man cell pending bed space availability within the housing unit.

*If in the event an inmate is placed in Administrative Detention pending an investigation, the inmate's cell will be reserved for seven days. This will ensure that the inmate is placed back in his assigned cell if the investigation is terminated.

*If in the event an inmate returns from federal or state writ, every attempt will be made by unit staff to place the inmate back in a two man cell pending bed space availability. Inmates returning from writ and placed in a three man cell will be categorized at the top of the seniority status for placement in a two man cell.

*An inmate wishing to move to a vacant cell or bunk must submit a cop-out to unit staff requesting the appropriate cell number.

*It will be the responsibility if the Unit Team to monitor those inmates assigned to a three man cell and those inmates moving to a two man cell based on seniority.

Exhibit 9



**Wednesday**
**January 28, 1998**

## Part IV

# Environmental
# Protection Agency

**40 CFR Part 82**
**Protection of Stratospheric Ozone:**
**Allocation of 1998 Essential Use**
**Allowances; Interim Final Rule**

**DEPARTMENT OF JUSTICE**

**Bureau of Prisons**

**28 CFR Part 571**

[BOP–1033–F]

RIN 1120–AA29

**Fines and Costs for "Old Law" Inmates**

AGENCY: Bureau of Prisons, Justice.

ACTION: Final rule.

SUMMARY: In this document, the Bureau of Prisons is amending its regulations on fines, or fines and costs, ordered by the court with respect to an inmate convicted of an offense committed before November 1, 1987. The amended regulations conform with 18 U.S.C. 3569, requiring a United States Magistrate Judge to determine whether an inmate is indigent, for the purpose of determining the inmate's ability to pay a committed fine, or fine and costs. This statutory authority previously had included the Warden as a determining official. In accordance with delegated authority by the Attorney General, final determination as to the retention by the inmate of property in excess of that which is by law exempt from being taken on civil process is to be made by the appropriate United States Attorney. Bureau regulations previously had designated the Regional Director as the determining official.

EFFECTIVE DATE: January 28, 1998.

FOR FURTHER INFORMATION CONTACT: Roy Nanovic, Office of General Counsel, Bureau of Prisons, phone (202) 514–6655.

SUPPLEMENTARY INFORMATION: The Bureau of Prisons is amending its regulations on fines and costs (28 CFR part 571, subpart F). A final rule on this subject was published in the **Federal Register** on October 21, 1983 (48 FR 48971).

These amendments conform Bureau regulations to reflect 18 U.S.C. 3569 which, as revised and still applicable to offenses committed before November 1, 1987, specifies a U.S. Magistrate Judge in the district where the inmate is imprisoned as the official responsible for determining whether an inmate is indigent for the purpose of determining the inmate's ability to pay a committed fine, or fine and costs. Previously, this statute had also authorized the Warden as a determining official. These amendments also conform to delegated authority (28 CFR 0.171(g)) from the Attorney General to United States Attorneys regarding findings on retention by the inmate of property in excess of that which is by law exempt

from being taken on civil process for debt. A discussion of the specific changes follows.

In § 571.50, the introductory paragraph and paragraph (a) are revised to identify clearly the applicability of the regulations. There is no change in the intent of these paragraphs. Paragraph (b) is amended to remove references to the Warden and the Regional Director as determining officials, to include reference to the United States Attorneys, and to remove unnecessary explanatory information.

In § 571.51, paragraph (b) has been revised for editorial purposes. There is no change in the intent of this paragraph.

In § 571.52, paragraphs (a) and (b) have been revised for editorial purposes. There is no change in the intent of these paragraphs. Paragraph (c) has been amended to remove a reference to the Warden as a determining official.

Former § 571.53 has been removed. Removal of this provision is necessary because the Warden no longer has the authority to determine an inmate's ability to pay his or her fine or fine and costs. Former § 571.56 has also been removed, because the final determination as to the retention of property which is reasonably necessary for the inmate's support or that of his or her family has been delegated by the Attorney General to United States Attorneys.

The material in §§ 571.54 and 571.55 has been redesignated and revised as new §§ 571.53 and 571.54.

New § 571.53 restates material formerly in old § 571.54. Paragraph (a) is revised to specify that an inmate must apply to the U.S. Magistrate Judge in the district where the inmate is incarcerated to determine whether the inmate is indigent for the purpose of determining the inmate's ability to pay his or her fine, or fine and costs. As revised, paragraph (b) removes the condition of a determination of non-indigency by the Warden before an inmate may elect to apply to the U.S. Magistrate Judge. This paragraph still directs institution staff to offer to send all forms and information to the U.S. Magistrate Judge for the inmate. Paragraph (c) has been revised for editorial purposes. There is no change in the intent of this paragraph. Paragraph (d) has been revised to include reference to the United States Attorney as a determining official.

New § 571.54 restates material in old § 571.55. Paragraphs (a), (b) and (c) have been revised for editorial purposes. There is no change in the intent of these paragraphs. A new paragraph (d) is added parallel the provisions in new § 571.53(d) for forwarding a referral

package to the appropriate United States Attorney subsequent to a finding of non-indigency.

Because these changes impose no new restrictions on inmates and either conform to statutory requirements, other delegated authority, or are administrative in nature, the Bureau finds good cause for exempting the provisions of the Administrative Procedure Act (5 U.S.C. 553) requiring notice of proposed rulemaking, the opportunity for public comment, and delay in effective date. Members of the public may submit comments concerning this rule by writing to the previously cited address. These comments will be considered but will receive no response in the **Federal Register**.

The Bureau of Prisons has determined that this rule is not a significant regulatory action for the purpose of E.O. 12866, and accordingly this rule was not reviewed by the Office of Management and Budget. After review of the law and regulations, the Director, Bureau of Prisons has certified that this rule, for the purpose of the Regulatory Flexibility Act (Pub. L. 96–354), does not have a significant economic impact on a substantial number of small entities, within the definition of the Act. Because this rule pertains to the correctional management of offenders committed to the custody of the Attorney General or the Director of the Bureau of Prisons, its economic impact is limited to the Bureau's appropriated funds.

List of Subjects in 28 CFR Part 571

Prisoners.

**Kathleen M. Hawk,**

*Director, Bureau of Prisons.*

Accordingly, pursuant to the rulemaking authority vested in the Attorney General in 5 U.S.C. 552(a) and delegated to the Director, Bureau of Prisons in 28 CFR 0.96(p), part 571 in subchapter D of 28 CFR, chapter V is amended as set forth below.

**SUBCHAPTER D—COMMUNITY PROGRAMS AND RELEASE**

**PART 571—RELEASE FROM CUSTODY**

1. The authority citation for 28 CFR part 571 continues to read as follows:

Authority: 5 U.S.C. 301; 18 U.S.C. 3565, 3568–3569 (Repealed in part as to offenses committed on or after November 1, 1987), 3582, 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 4161–4166, and 4201–4218 (Repealed as to offenses committed on or after November 1, 1987), 5006–5024 (Repealed October 12, 1984 as to offenses committed after that date),

**EXHIBIT 13 A**

## 18 § 3572      CRIMINAL PROCEDURE      Part 2

penalty will not impair the ability of the defendant to make restitution.

**(c) Effect of finality of judgment.**—Notwithstanding the fact that a sentence to pay a fine can subsequently be—

    (1) modified or remitted under section 3573;

    (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

    (3) appealed and modified under section 3742;

a judgment that includes such a sentence is a final judgment for all other purposes.

**(d) Time, method of payment, and related items.**—A person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule. If the judgment permits other than immediate payment, the period provided for shall not exceed five years, excluding any period served by the defendant as imprisonment for the offense.

**(e) Alternative sentence precluded.**—At the time a defendant is sentenced to pay a fine, the court may not impose an alternative sentence to be carried out if the fine is not paid.

**(f) Responsibility for payment of monetary obligation relating to organization.**—If a sentence includes a fine, special assessment, or other monetary obligation (including interest) with respect to an organization, each individual authorized to make disbursements for the organization has a duty to pay the obligation from assets of the organization. If such an obligation is imposed on a director, officer, shareholder, employee, or agent of an organization, payments may not be made, directly or indirectly, from assets of the organization, unless the court finds that such payment is expressly permissible under applicable State law.

**(g) Security for stayed fine.**—If a sentence imposing a fine is stayed, the court shall, absent exceptional circumstances (as determined by the court)—

    (1) require the defendant to deposit, in the registry of the district court, any amount of the fine that is due;

    (2) require the defendant to provide a bond or other security to ensure payment of the fine; or

    (3) restrain the defendant from transferring or dissipating assets.

**(h) Delinquency.**—A fine is delinquent if a payment is more than 30 days late.

**(i) Default.**—A fine is in default if a payment is delinquent for more than 90 days. When a fine is in default, the entire amount of the fine is due within 30 days after notification of the default, notwithstanding any installment schedule.

[ (j) Redesignated (i) ]

(Added Pub.L. 98–473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1995, and amended Pub.L. 100–185, § 7, Dec. 11, 1987, 101 Stat. 1280; Pub.L. 101–647, Title XXXV, § 3587, Nov. 29, 1990, 104 Stat. 4930.)

### EDITORIAL NOTES

**References in Text.** The Federal Rules of Criminal Procedure, referred to in text, are set out in this pamphlet.

**Effective Date.** Section effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

## § 3573. Petition of the Government for modification or remission

Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—

    (1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties;

    (2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or

    (3) extend a date certain or an installment schedule previously ordered.

A petition under this subsection shall be filed in the court in which sentence was originally imposed, unless the court transfers jurisdiction to another court. This section shall apply to all fines and assessments irrespective of the date of imposition.

(Added Pub.L. 98–473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1997, and amended Pub.L. 100–185, § 8(a), Dec. 11, 1987, 101 Stat. 1282; Pub.L. 100–690, Title VII, § 7082(a), Nov. 18, 1988, 102 Stat. 4407.)

### EDITORIAL NOTES

**Effective Date.** Section effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

---

Ch. 229

**ED**

**Effective Date.** Sect calendar month beginni 1984, applicable only t effect of sections 211 to otherwise provided for 98–473, as amended, set this title.

SUBCHAPT

| Sec. | |
|---|---|
| 3621. | Imprisonment of |
| 3622. | Temporary relea |
| 3623. | Transfer of a pr |
| 3624. | Release of a pri |
| 3625. | Inapplicability o |

SUBCHAPTI

### § 3621. Imprison

**(a) Commitment** ons.—A person who imprisonment pursu ter D of chapter custody of the Bure of the term impose satisfactory behavio section 3624.

**(b) Place of imp** ons shall designate onment. The Bure penal or correction standards of health the Bureau, whethe ernment or otherwi the judicial district ed, that the Bureau suitable, considerin

    (1) the resour

    (2) the nature

    (3) the history er;

    (4) any statem sentence—

      (A) concern sentence to im warranted; or

      (B) recomm tional facility

    (5) any pertin Sentencing Co 994(a)(2) of title

The Bureau may same matters, dir one penal or cor

U.S. DEPARTMENT OF JUSTICE                          REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Exhibit 10*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: DOMINGUEZ, RAFAEL J.        32274-004        APACHE B        FCI MARIANNA
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST** THIS BP-9 IS BEING SUBMITTED WITHOUT THE 8½ BECAUSE, AS OF THIS DATE, MORE THAN 45 DAYS AFTER( THE 8½ WAS GIVEN TO THE UNIT COUNCILOR(MR. RUSHDAN-NAVAJO UNIT) AND EVEN AFTER BEING TRANSFERED TO APACHE UNIT(30 DAYS AGO), I HAVE YET TO RECEIVE THE 8½ BACK TO CONTINUE WITH MY ADMINISTRATIVE REMEDY. IF I HAD SURPASSED THE TIME LIMITS IN FILING OF THIS ADMINISTRATIVE PROCEDURE, MY COMPLAINT WOULD HAVE BEEN REJECTED AND ANY SUBSIQUENT FILING WOULD HAVE BEEN HELD FRIVILOUS BECAUSE I WAS LATE WITH MY FIRST COMPLAINT. BUT NOW SINCE THE BOP AND OR THE STAFF THAT ARE RESPONCIBLE TO ASCERTAIN THAT THESE TIME LIMITS ARE ADHERED TO, AT LEAST ON THEIR END, HAVE NOT DONE SO FOR WHATEVER REASON, WHICH ONLY SHOWS ME THE ACTIONS OF BEING INDIFFERENT TO MY COMPLAINT AND THE RULES AND REGULATIONS WHICH WE,THE INMATES MUST FOLLOW, ARE DIFFRENT FOR THEM (?). SAYING THIS I AM SUBMITTING THIS BP-9, AND HOPE THAT THIS COMPLAINT BE HEARD. BECAUSE OF THE LENGTH NEEDED TO EXPLAIN FULLY THE ATTACHED IS BEING SUBMITTED.

AUGUST 30, 1995                                              Dominguez  32274-004
DATE                                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**
This is response to your Administrative Remedy Request receipted September 1, 1995. Specifically, you state that your Unit Team deliberately ignored your request and desire to be transferred to FCI, Miami, Florida. You further state that you were, "Coerced, threatened and blackmailed and or punished for speaking out against an unfair act." You further state, as the result, you were transferred to Apache Unit where you remain in the common area.

An investigation into this matter reveals that Operations Memoranda 060-95 (5100), dated April 17, 1995, was issued. This memoranda indicated that referrals to the Federal Correctional Institution, Miami, Florida, were being accepted. However, the referrals had to meet a certain criteria. The following are some of the categories considered for inmates to be eligible for designation to FCI, Miami; medium-security level, skills or ability to work in one of the following areas - UNICOR, construction, plumbing, drafting, and electrical. Your work history indicates that you have an extensive educational background. FCI, Miami, Florida, is currently not accepting referrals until approximately January 1996. At that time, you may request redesignation through your Unit Team.

The investigation further reveals that you were reassigned from Navajo Unit at your own request to staff. Effective August 1, 1995, Navajo Unit became the institution A&O Unit. Prior to this date, staff informed the Navajo Unit inmates of the change. Also, staff informed the inmates that anyone who may wish to be reassigned to another unit should make a request to do so. At this time, you requested to move to another unit.

There is no evidence that staff acted in an inappropriate manner nor have taken retaliatory measures against you. Since you have made no actual request for relief, this response is for informational purposes only.

9/8/95                                                    Kee P. Emery, Acting Warden
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: 93466-F1

                                                CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                    BP-229(13)
                                                Previously BP-DIR-9        APRIL 1982

BP-9                    $Exhibit \ 10_A$

THIS BP-9 IS EBING SUBMITTED ON THIS PAPER BECAUSE OF THE SPACE NEEDED.


ON JULY 11/14, 1995 , I SUBMITTED **TWO** BOP FORM $8\frac{1}{2}$'s TO MY THEN NAVAJO
UNIT COUNCILOR MR. RUSHDAN. TWO AND ONE-HALF ($2\frac{1}{2}$) WEEKS LATER, STILL NOT
RECEIVING ANY REPLY, I INQUIRED OF MR. RUSHDAN THE STATUS OF THE $8\frac{1}{2}$'s.
MR. RUSHDAN DID NOT REPLY ON THAT DAY BUT SEVERAL DAYS LATER SPOKE TO ME
CONCERNING **ONE** OF THE $8\frac{1}{2}$'s. THIS $8\frac{1}{2}$ PERTAINED TO MY COMPLAINT OF MY THEN
NAVAJO UNIT CASE MANAGER MR. S. MITCHELL. I INFORMED MR. RUSHDAN THAT THE
ACTIONS OF MR. MITCHELL WERE PAST AND THAT AT THIS STAGE THERE DIDN'T
APPEAR TO BE ANY OTHER ADMINISTRATIVE REMEDY BUT TO FILE A **BP-9**. THIS WAS
DISCUSSED ON JULY 28,1995 IN MY CELL IN **NAVAJO UNIT**.

SEVERAL DAYS LATER, AROUND JULY 31, 1995, **I WAS TRANSFERED FROM
NAVAJO TO APACHE UNIT** TO **THE COMMON AREA. I WILL EXPOUND ON THIS LATER IN
THIS COMPLAINT.** SEVERAL DAYS AFTER MY TRANSFER TO APACHE B (AUGUST 2 or 3)
I **AGAIN** SAW COUNCILOR RUSDAN AND INQUIRED ABOUT THE $8\frac{1}{2}$, MR. RUSHDAN STATED
THAT HE WAS UNDER THE IMPRESSION THAT SINCE I NO LONGER LIVED IN NAVAJO
UNIT THAT I WOULD DROP THE COMPLAINT. I INFORMED HIM THAT THIS WOULD AND IS
NOT THE CASE. HE WAS UNDER THE IMPRESSION THAT THE UNIT MANAGER MR. DAVIS
HAD SPOKEN TO ME CONCERNING THIS COMPLAINT (BP-$8\frac{1}{2}$). I INFORMED HIM THAT THIS
CONVERSATION NEVER TOOK PLACE.

AGAIN SEVERAL DAYS LATER, AFTER THIS CONVERSATION WITH MR. RUSHDAN
I WAS SPOKEN TO BY THE UNIT MANAGER OF APACHE B MR. HARRIS.
MR. HARRIS WAS VERY PROFESSIONAL IN HIS DEMEANOR AND STATED THAT HE HAD
TO SIGN OFF ON ANY $8\frac{1}{2}$ AFTER AN INVESTIGATION. MR. HARRIS ASKED ME IF THE
UNIT MANAGER OF NAVAJO SPOKE TO ME ABOUT THIS $8\frac{1}{2}$. I TOLD HIM AS I TOLD
MR. RUSHDAN THAT MR. DAVIS HAD NOT APPROACHED ME AS TO THIS COMPLAINT OR
ANY OTHER COMPLAINT OF ANYTHING OCCURING IN THE NAVAJO UNIT CONCERNING **ME**.
MR. HARRIS SEEMED PUZZLED AS TO WHY MR. DAVIS DID NOT SPEAK TO ME CONCERNING
THIS COMPLAINT.

AS OF THE WRITING OF THIS **BP-9, AUGUST 29,1995,I HAVE NOT RECEIVED**
**ANY REPONSE TO THIS $8\frac{1}{2}$ THAT WAS SUBMITTED MORE THAN 45 DAYS AGO.**

-2-

Exhibit 10 b

\*\*\*\*

ON MY ARRIVAL HERE AT F.C.I. MARIANNA IN 1993, AND IN SUBSIQUENT
TEAM MEETINGS (3) BEFORE MY TEAM MEETING WITH MR. S. MITCHELL, I WAS INFORMED
AND OF WHICH IS NOTED ON THE TEAM REPORTS, THAT I WOULD BE PLACED IN
CONSIDERATION FOR A TRANSFER TO F.C.I. MIAMI AS SOON AS THE INSTITUTION WAS
GOING TO ACCEPT INMATES FOR PERMANENT POPULATION. THIS CONSIDERATION WAS
MANY FACET, MAINLY BECAUSE OF MY INSTITUTIONAL CONDUCT AND BEHAVIOR, OF
WHICH I HAVE NOT HAD ANY INCIDENT REPORTS SINCE MY INCARCERATION IN 1987,
AND IN FACT HAVE RECEIVED SEVERAL LETTERS OF APPRECIATION AND COMMENDATION,
FOR MY ASSISTANCE IN ADVANCING THE MANDATORY B.O.P. EDUCATIONAL PRORGAM. I
WAS ALSO RECOMMENDED FOR A PROGRAM CALLED THE SUPERIOR ACHIEVEMENT ?

MR. MITCHELL REFUSED TO PLACE ME IN FOR CONSIDERATION FOR THIS
TRANSFER BECAUSE IN HIS WORDS " I AM NOT DOING WHAT THE OTHER CASE MANAGERS
HAVE DONE PRIOR TO ME, I WILL ONLY RECOMMEND INMATES WITH SPECIFIC SKILLS
SUCH AS PLUMBING, ELECTRICIANS AND UNICOR FOR TRANSFER TO MIAMI."

I MADE AN ATTEMPT TO SHOW THAT THIS WAS NOT THE ON-GOING PRECEDENT
BEING CONDUCTED AND OR TAKING PLACE THROUGH-OUT THIS INSTITUTION AND BY
ALL OF THE CASE MANAGERS OF THE OTHER UNITS TO INCLUDE THE "A" SIDE OF
NAVAJO. I TRIED TO INFORM MR. MITCHELL THAT INMATES WORKING IN ALL AREAS'
FROM MAINTAINANCE TO JANITORIAL TO ORDERLIES TO UNASSIGNED TO THOSE WITH
INCIDENT REPORTS HAVE LEFT MARIANNA AND HAVE BEEN TRANSFERED TO MIAMI, BUT
MR. MITCHELL WOULD NOT SPEAK OF THIS, AND THIS WAS DURING MY TEAM MEETING,
IS THIS NOT THE TIME THAT THE INMATES ARE SUPPOSE TO BRING UP THE QUESTIONS
AND OR CONCERNS AND IS NOT ONE OF THE DUTIES OF THE CASE MANAGERS TO HELP
AND OR ASSIST THE INMATES ESPECIALLY DURING TEAM ??. OF THESE MANY AND
NUMEROUS TRANSFERS TO FCI MIAMI MANY HAD MORE SECURITY CLASSIFICATION POINTS
THAN I HAVE ( MINE IS ONLY AND HAS BEEN 4 POINTS FOR OVER 4 YEARS).

WHY DID THIS CASE MANAGER DELIBERTLY AND INTENTIONALLY IQNORE WITH
COMPLETE INDIFFERENCE AN INSTITUTIONAL ON-GOING PRECEDENT TO PLACE INMATES
IN FOR TRANSFER AND NOT TO BE WHAT APPEARS TO ME, BE PREJUDICIAL. THIS ACTION
BY MR. MITCHELL MOST CERTAINLY APPEARS TO BE REMISSAL, NEGLIGENCE OR PLAIN
DISREGUARD TOWARDS ESTABLISHED POLICY, OR IS IT PERSONNAL ? OR IS IT SELECTIVE
ENFORCEMENT OF POLICY TOWARDS INDIVIUALS AND IN THIS PARTICULAR CASE ME ! WHY ?

-3-

*Exhibit 10c*

I REALIZE THAT I AM INCARCERATED AND THAT AS GUARDIANS OF SOCIETY THE BOP IS MY JAILER, BUT WHY IF I FOLLOW THE RULES AND REGULATIONS AS PRESCRIBED BY THE BOP MUST I FURTHER BE COERCED, THREATENED AND BLACKMAILED AND OR OTHERWISE PUNISHED FOR SPEAKING OUT AGAINST AN UNFAIR ACT THAT I BELIEVED TOOK PLACE AGAINST MY PERSON.

I AM SPECIFICALLY SPEAKING OF THE STATEMENT MADE BY THE UNIT MANAGER OF NAVAJO AND I WILL QUOTE " I AM THE ALTERNATE DHO AND I KNOW HOW TO WRITE, AND IF ANYONE DOESN'T LIKE THE WAY I OR ANYONE OF MY STAFF WORK AND YOU COMPLAIN, THEN YOU SHOULD KNOW THAT THEY (BOP) WILL BELIEVE STAFF BEFORE AN INMATE. I CAN AND WILL DO ONE OF SEVERAL THINGS, I COULD TRANSFER YOU TO ANOTHER UNIT, I COULD AND WOULD PUT YOU IN THE HOLD AND THEN YOU REALLY WILL BE UNDER MY COMPLETE CONTROL, OR I COULD GET YOU A DISCIPLINARY TRANSFER. I CAN DO THIS BECAUSE, ALSO, MY BUDDY IS THE HEAD OF S.I.S., SO I KNOW WHAT I AM TALKING ABOUT."

IS THE AFOREMENTION A NEW APPROACH TOWARDS THE INMATE ? IS THIS THE AVENUE OF CO-OPERATION TO BE EXPECTED ?

THE ABOVE MENTIONED UNIT MANAGER, MR. DAVIS OF NAVAJO UNIT, FOUND IT UNNECESSARY, INDIFFERENT OR POSSIBILY EVEN TROUBLESOME FOR HIM TO TRY TO ASCERTAIN WHAT THE PROBLEM WAS WITH AN INMATE IN HIS UNIT OR AT LEAST ME, AND TRANSFERED ME TO APACHE UNIT TO THE COMMON AREA WHEN I HAD BEEN IN NAVAJO UNIT SINCE OCTOBER OF 1993 AND IN MY CELL SINCE DECEMBER OF 1993. IS IT COINCIDENCE THAT I WAS TRANSFERED TO APACHE? WHERE THE UNIT MANAGER IS THE HEAD OF S.I.S., AND THAT I BE PLACED IN THE COMMON AREA? MUST BE.

THIS, THE ABOVE, ALTHOUGH NOT IMMEADIATELY CONNECTED TO THE MAIN THRUST OF MY BP-9, I AM REQUESTING THAT IT BE LOOKED INTO BECAUSE IT DOES HAVE A BEARING ON THE OVERALL ACTIONS THAT HAVE TAKEN PLACE AND MAY VERY WELL TAKE PLACE BECAUSE OF MY WRITING THIS BP-9, AND RIGHT NOW BECAUSE OF THE TIME IT HAS TAKEN TO EVEN ANSWER A SIMPLE 8½ ,MAYBE A BP-10 IS OR SHOULD BE SUBMITTED TO SHOW THE ACTIONS AND OR LACK THEREOF OF THE STAFF PERSONNEL.

32274-004