**FILED**

NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURTS
## DISTRICT OF COLUMBIA
## WASHINGTON, D.C.

RAFAEL J. DOMINGUEZ                     .

      Petitioner,                          .

                       .        Civil Action #____ **05 2242**

    v.                                   .

BUREAU of PRISONS, et al.,              .

      Respondents.                         .

                       .

### MOTION REQUESTING
### TEMPORARY RESTRAINING ORDER

COMES NOW, Rafael J. Dominguez, hereby moves this Honorable Court to issue pursuant to Rule 65(b) F.R.Civ.P., a temporary restraining order against respondents to immediately cease and desist collecting monies from petitioner through the IFRP.

### Jurisdiction

This Court has jurisdiction under 28 U.S.C. 2241, 1331, 1391, Rule 65(b) F.R. Civ.P. Petitioner pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594.

### Parties

Petitioner is a federal prisoner confined at FCI Butner, NC. and respondents are all employees of the Federal Government.

### Statement of the Facts

On January 29, 1991, petitioner was re-sentenced and a $30,000 fine was imposed as follows: $10,000 + $10,000 + $10,000 = $30,000. At that time the Judge ruled

**RECEIVED**

OCT 2 4 2005

NANCY MAYER WHITTINGTON, CLERK

3

Petitioner to be occurred in the Court:

| | |
|---|---|
| AUSA - Ms. Ortiz: | Well, he may -- he may be indigent at this point, but he may not be indigent at the time he is released and that time he has to pay the fine. |
| Mr. Lopez:<br>(Defense Counsel) | Your Honor, I -- I wonder how earning 22 cents an hour somebody at the time of being released can pay $30,000. So I understand that this indigence condition will remain the same for many, many years to come from now one. |
| The Court: | Well, there are two things involved in this matter. It is true that he is now indigent ... Seems to me that is true is a committed fine; and at that point in time when he is eligible for release, that is the time when you can of course address this issue. |
| Mr. Lopez: | So it is understood that those 30,000 dollar fine is a stand-committed fine? |
| The Court: | Yes, for both defendants. |

At all levels the Bureau of Prisons (hereafter BOP) refuse to accept judicial documents and recommendation that the petitioner is indigent, as the BOP invokes concurrent jurisdiction.

Petitioner began paying on a "voluntary" basis $25/quarter beginning 3/27/92, although he was earning "less" than $50/month. But as of October, 1996, the respondents began forcing him to pay 50% of his monthly pay towards the IFRP. While the IFRP is a voluntary program, the respondent made it mandatory through imposition of threats, intimidation, harassment and under duress and coercion. In fact, petitioner has and was threatened by several of the BOP respondents that if petition refused to pay said fine he would be penalize in several ways.

2

On various occasions petitioner was forced under threats, intimidation, harassment, and duress and coercion to sign IFRP contract to allow the BOP to confiscate 50% of his monthly pay.

The respondents went as far as to accept the fact that petitioner payment plan were being signed under duress and coercion.

Furthermore, through the administrative remedy process, the petitioner's claim of forced participation with the IFRP was being completely ignored.

The Court's attention is invited to 28 U.S.C. § 3572(d), which states in part,

> Time, Method of Payment, and Related Items.__ "A person sentenced to pay a fine or other monetary penalty shall make payment immediately, unless, in the interest of justice the court provides for payment on a date or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court established other schedule. If the judgement permits other than immediate payment, the period provided for shall <u>not exceed five years,</u> excluding any period served by the defendant as imprisonment for the offense."

(1) "Yes, petitioner was correct that his J & C Order did not specify, nor illustrate an articulate time table for payments." The unit staff also conceded that, (2) "the wording of the contract did give petitioner reason to question the forced payment. Petitioner further questioned staff concerning the five-year payment. The staff informed petitioner the law had been changed and it was now 20-years. Petitioner requested a copy of said new citation in law but the staff were unable to give petitioner any. Petitioner attempted to locate it in the prison law library, but none existence.

3

## **Argument**

Petitioner is entitled to a Temporary Restraining Order
directing respondents to immediately cease and desist
the forced compliance of the IFRP and the deliberate
taking of his prison earnings, that precludes him from
saving and monies towards his release plan and support
his children.

A litigant may be granted a TRP by a federal court upon
showing that petitioner is in danger of immediate and
irreparable injury. When considering an application
for a preliminary injunction (or restraining order), a
Court must determine: (1) whether the movant will suffer
irreparable injury unless the injuction issue; (2)
whether there is a substantial likelihood that the
application will prevail on the merits; (3) whether the
threatened injury to the movant outweighs whatever
harm the injunction would cause opposing parties; (4) whether
an injunction is in the public interest. Milean Ship
Management Co. v. Newcomb, 804 F. Supp. At 852 (II) (E.D. La.
1992). See. Allied Marketing Group v. CDL Marketing Inc,
v. Beard, 730 F.2d 384, 386 (5th Cir. 1984).

1.    Irreparable Injury

The loss of constitutional rights, even for a short period pf time, constitutes

Irreparable injury, Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Deerfield

Medical Center v. City of Deerfield, 661 F.2d 328, 338 (5th Cir. 1981). It has been

repeatedly recognized by the federal courts at all levels that violation on

constitutional rights constitute irreparable harms as a matter of law. Elrod.

Petitioner will continue suffering irreparable injury at the hands of the
respondents, because when the BOP takes monies for IFRP those funds are non-
refundable. The petitioner has a protected right to challenge the IFRP and filing
grievances without fear of reprisal, harassment, threats, etc. Petitioner has been
signing IFRP contracts for the past years under duress and still doing so, while staff
are continuing to accept same, admitting to the duress and coercion status they have
placed petitioner under.

4

2.    Absent of harm to Respondent

There would be absolutely no harm to respondent by granting this TRP.
Furthermore, there would be no financial burden placed on the respondent
Should this TRO be granted?

3.    Public Interest

When government official violate their own rules, regulations or policy it is a
public interest. The constitution is in public interest that government official's act
in a lawful manner. Hect Co v. Bowls, 321 U.S. 321,330, 64 S.CT 587 (1944). The
intent of the government in passing its law and requiring officers to comply with the
law "is a public interest aspect that cannot be ignored." Id at 33-4c.
In **Jaffee by and through Jaffee v. James,** 554 F.Supp 727 (1982) the court found
that the public has an interest in preserving constitutional rights and protections
afforded by the First Amendment. The assertion of such rights effectively advance
the public interest. Enjoying the possible infringement of those, rights will not
disservice the public interest. Id at 339.

Petitioner rights has clearly been violated and a public interest exist. In
Petitioner's case BOP staff  bluntly and blatantly refused to accept official court
documents, U.S. Codes and cases law substantiate petitioner's position as legion.

In petition's case it is well documented through the records and his various
complaints via administrative remedy that petitioner has been severely prejudiced
and is continually being harassed regarding this IFRP matter. Protecting petitioner

5

From present and future retaliatory practices would serve a public interest and
Deter this form of future constitutional entitlements from being violated by the
BOP.

The Inmate Financial Responsibility Program (IFRP is not in compliance with the
laws of the United States as interpreted by the Federal Courts. The IFR does not have
the statutory authority of law to set the amount and timing of payments for fines or
restitution imposed as part of a sentence by a district court.

The BOP P.SW. 5380.05, IFRP, implies that the Victim/Witness Protection act of
1982, the Victim of Crime Act of 1984, the Comprehensive Crime Control Act of 1984,
and the Federal Debt Collection Procedure Act of 1990 requires all laws enforcement
agencies to establish collection procedures for all court-ordered obligations.

The VWPA of 1982 authorized the imposition of restitution as a part of
sentencing in any criminal case. The VAPA of 1984 authorized the imposition of
restitution as a condition of probation. See United States v. Barney, 884 F.2d 1255, 1259
(9th Cir. 1989).

Only the Federal Debt Collection Procedure Act of 1990 (FDCPA) authorizes the
collection of fines, restitution assessment, and penalties, by an agency, department,
commission, board or other entity of the United States. See the FDCPA of 1990 codified
as Title 28 U.S.C. § 3001. However, sub-chapters 3301 through 3303 of the FDCPA
defines the provisions and standards for collection procedures. In United States v.
Cauccio, 51 F.3d 337 (2d Cir. 1995), the court held: "The FDCPA of 1990 'provides the

6

excusive civil procedure for the United States to recover a judgment on a debt." 28

U.S.C. §3001(a)(1). The act applies to judgments "entered in favor of the United States

arising from a civil or criminal preceding regarding a debt." § 3002(8). A debt

is defined as amount owing to the United States on account of a fine  3302(3)(B).

In fixing the amount of payment, the court takes into consideration after, a
hearing,

the income, resources, and reasonable requirements of the judgment debtor and the

judgment debtor's dependents, any other payments to be made in satisfaction of

judgments against the judgment, debtor, a d the amount due on the judgment

(fine/restitution) in favor of the United States. Therefore, the BOP may not order

installment payment pursuant to P.S. 5308.5 (IFRP) without an order from a court and

only after a hearing. The BOP is not in compliance with the FDCP.

In U.S. v. Mortimer. 94 F.3D 89, 90 (defines the provisions and standards for collection

procedures. In United States v. Mortimer, 94F.3d 89, 90 (2d Cir 1996), the court ordered

the inmate to participate in the BOP'S IFRP and make restitution in accordance with the

policies of that program. The inmate entered into an agreement with the BOP under

which he paid $25 a month towards his restitution obligation, and the inmate appealed.

The Second Circuit noted: "The IFRP was institutional on April 1, 1997, see

Crows v. Department of Justice, 704 F. Supp. 272 (D.D.C. 1988), in order to offer

inmates the opportunity to meet their obligations. 28 C.,F.R. §545.10 the court also

noted, when an inmate participates in the program, his payment schedule is determined

on a add hock basis with the assistance of the prison staff. 28 C.F.R.§ 545.11 (detailing applicable procedures). The Second Circuit Court noted the impropriety of the IFRP installment payments because the statutory plain language of 18 U.S.C. § 3572(d) (fines) and § 3663(f)(1) (restitution) identically imposed upon the court (and only the court) the responsibility for determining the amount of each installment payments. Furthermore, the court ruled, because payment schedules under IFRP are not fixed according to a predetermined formula, but rather vary at the discretion of the prison staff, only the IFRP guidelines as stated in the C.F.R. in fashioning the amounts to be paid, so long as discretionary authority to depart from the Court's imposed fine or restitution order is not vested in prison officials. Motimer, supra.

In United States v. Miller, 77 F.3d 71 (4th Cir. 1996) the court reversed that the defendant pays a $3,000 fine and $50,000 restitution under the IFRP. The Circuit Court ruled that the district court erred in delegating to the BOP the determination of the timing and amount of the installment payments for the fine and restitution, and vacated the order to pay under the IFRP. Only the Court has the authority to set the amount and timing of installment payments.

In United States v. Ahmed, 2 F.3d 245, 249 (8th Cir. 1993), the court noted, how much the defendant owes in restitution and the extent to which payment may be deferred is something only the judge must decide.

In United States v. Barany, 884 F.2d 1255 (9th Cir. 1989), required the district court judge to determine whether and how much restitution is proper concerning the

8

defendant's ability to pay, and the timing and manner of installment payments. Under the statutory case laws of the United States, fine and restitution installment payments for a fine should not exceed twelve months U.S.C. § 3572, restitution, by contract, may be structured in installments over five years 18 U.S.C. § 36663(f). The BOP under the IFRP may not order installment payments for fines or restitution imposed by the court unless the court sets the amount and timing of the installment payment.

Congress passed the FDCPA 15 U.S.C. § 1692 to eliminate abusive debt collections. As such, the FDCPA enumerates several practices considered contrary to that goal, and forbids debt collectors from taking such actions. The threats to take action that cannot legally be taken... 15 U.S.C. § 1692(e). Any debt collector who fails to comply with a provision of the FFDCPA, with respect to any person is liable to such person for civil damages, 15 U.S.C. § 1692k(a). See <u>Poirier v. Alco Collections Inc.</u>, 107 F.3d 347, 349 (5th Cir. 1997).

The FDCPA of 1990 also recognizes insolvency under subchapter §3302(a)(b), a debtor is insolvent (indigent) if the sum of the debtor's debts (fine or restitution) is greater than all of the debtor's assets at a fair valuation.

In <u>United States v. Rivera-Velez</u>, 839 F.2d 8 (1st Cir. 1988), (Per curiam) constitutional violations (due process) come into play when the government (BOP) seeks to enforce collection of a fine, restitution or assessments at a time an indigent inmate is unable through no fault of his own cannot pay or comply because of insolvency.

In <u>United States v. Pagan</u>, 785 F.2d 378 (2d Cir.1988), upheld a constitutional

9

attack against an indigent inmate who through no fault of his own cannot pay or comply with a court imposed fine, restitution, or assessment order.

Respondents (BOP) debt collector's should be mindful that under 42 U.S.C. 1983, 1985, 1986 and 1988, immunity will not attach to their official action when by 3663(f) and 3572(d) or when they knowingly circumvent the F.R.Civ.P. mandated in 28U.S.C. § 3001. Respondent debt collectors do not have the authority to set the amount and timing of installment payments for fines and restitution imposed as part of a criminal sentence by a district court, only the judge has the authority.

There is no doubt that the petitioner in this case has been proven indigent by the court.

In the case of <u>Anderson v. Smith</u>, 697F.2d 239 (8thy Cir. 1983), the court held that, "an inmate is entitled to expect the Bureau of Prisons to follow its own policies." See <u>Wolf v. McDonald</u>, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).

4.    Likelihood of Success on the Merits

Petitioner's likelihood of winning a final judgment on the issues of constitutional rights is overwhelming. Petitioner's rights is to be free of threats, intimidation, harassment, coercion and duress.

A prisoner's constitutional rights, either because they actually intend to deprive him of some rights, or because they acted with reckless disregard of his rights is indeed violation of court decisions across the country.

In <u>Wright v. Newsome</u>, 795 F.2d 964 (11th Cir. 1996), the court held, "Wright

10

sufficiently alleged facts bringing actions that might not otherwise be offensive to the constitution ... within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances.

## Conclusion

There are numerous cases decided across the country by the federal courts to support petitioner's claim that actions taken in retaliation, intimidation, threats, and coercion and under duress are illegal. Petitioner can indeed prove these tactics employed by the respondents.

Because of irreparable injury petitioner has suffered and still suffering, behind the inconsideration usage of the IFRP, a TRO should be granted without further delay. Even if the Court finds that petitioner is not entitled to a TRO, the Court should grant the petitioner a preventive injunction after notice to respondents.

The Court must put greater emphasis on the respondents (BOP) complete disregard for the laws of the land. The BOP is active repressors. They completely believe that they are "beyond the law." The BOP violated the rights of the prisoners. The BOP believes it could dictate and change any judicial mandate to whatever they wish it to mean. This believed concurrent judicial jurisdiction could not be allowed to continue. This abuse cannot be allowed to continue. The BOP advocates and allows any and all violations of law against prisoners under the guise of defenders and punishers of those who are incarcerated. The bop is running amok doing any and all things to those incarcerated.

11

Petitioner has no other means for remedy as he exhausted the administrative remedy process, and was completely denied, as BOP (respondents) decided to change the language of petitioner's Court Transcript and Judgment and Commitment Order to their liking.

**WHEREFORE,** petitioner prays that this Honorable Court will grant a Temporary Restraining Order, or in the alternative a preventive injunction directing respondents to immediately cease and desist taking petitioner prison monies through the IFRP. If the Court were not in complete agreement, then an evidentiary hearing would be requested.

I do hereby declare under perjury that the foregoing is true and correct, Pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

Dated: 9/19/05

Rafael J. Domínguez
#32274-004
FCI Butner
P.O. Box 1000
Butner, NC 27509-1000

## Certificate of Service

I hereby certify that an original and three copies of the foregoing Motion Under 28 U.S.C. § 2241, has been mailed to the Clerk of Court, District of Columbia, Washington D.C. by depositing same in the U.S. mail on this the 19th day of Sept, 2005

Rafael J. Domínguez