```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

RAFAEL J. DOMINGUEZ,           )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 05-2242 CKK
                               )
BUREAU OF PRISONS,             )
                               )
          Defendant.           )
                               )
_____)
```

## MOTION TO DISMISS AND
## SUPPORTING MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(3), defendant, a component of the Department of Justice, moves that this action be dismissed. Plaintiff is a federal prisoner who is currently imprisoned at the Federal Correctional Institution in Butner, North Carolina. He is challenging the use by the Bureau of Prisons of its Inmate Financial Responsibility Program ("IFRP"). As we explain below, the District of Columbia is not the proper jurisdiction to hear this case, and the case should be dismissed without prejudice. (Because the allegations of the complaint are meritless, see infra, we do not recommend that it be transferred to the Eastern District of North Carolina, the district in which plaintiff is imprisoned.)

Under the IFRP, a prisoner who participates in the program receives certain privileges, a fact that leads plaintiff to characterize the IFRP as being improperly coercive. The program, which is set forth in the Code of Federal Regulations, was

adopted in 1987 by the Bureau of Prisons after notice-and-comment rulemaking.  The IFRP has been repeatedly found to be constitutional: the loss of privileges by an inmate due to his or her failure to participate in the IFRP does not implicate any constitutional right.  Before a person could be found to be entitled to protection under the Due Process Clause in connection with IFRP payments, it must be shown that the person is being deprived by those payments of a liberty or property interest that is protected by the Due Process Clause.  The courts have held that inmates do not have a liberty or property interest in prison employment, see <u>Dorman v. Thornburg</u>, 955 F.2d 57, 58 (D.C. Cir. 1992) (upholding constitutionality of the IFRP by finding that ". . . discretion vested in prison officials to set terms and conditions of prison employment 'preclude[s] the implication of a liberty interest deserving of due process protection") and <u>James v. Quinlan</u>, 866 F.2d 627 (3d Cir. 1989)(prison inmates do not have a liberty or property interest in prison industries job assignments).  Therefore, the Bureau of Prisons has the authority to regulate access to privileges available to incarcerated inmates through the IFRP, and the use of that authority does not violate the Due Process Clause.

  As the attachments to the complaint show, plaintiff was sentenced to 50 years in prison by the United States District Court for the District of Puerto Rico.  He was ordered to pay a

fine of $30,000.  As the attachments to the complaint also show, the criminal judgment against him is silent as to the timing of payment of the fine.

A federal prisoner's lawsuit concerning the criminal judgment in his/her case falls into one of two categories: a challenge to the execution of the sentence, in which event jurisdiction is in the district where plaintiff is incarcerated (the Eastern District of North Carolina) under 28 U.S.C. § 2241 (the writ of habeas corpus), or a challenge to the validity of the sentence itself, in which event jurisdiction is in the district of the sentencing court (the District of Puerto Rico), 28 U.S.C. § 2255.  See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

In this case, the payments being made by plaintiff are pursuant to the financial responsibility agreements entered into by him with the Bureau, agreements directed at insuring that plaintiff meets his financial obligations.  The sentencing court did not delegate any function to the Bureau of Prisons in connection with plaintiff's obligation to pay his fine; the Bureau acted independently and in accordance with its own regulations when it sought plaintiff's participation in the IFRP. The action of the Bureau does not conflict with the sentence and

3

is not an usurpation of a judicial function, rather it is the legitimate use of a program designed to promote a penological goal, the rehabilitation of the prisoner.

The Executive Branch, through the Bureau of Prison, has been given the authority to administer the federal prison system. 18 U.S.C. § 4001; 18 U.S.C. § 3621; and 18 U.S.C. § 4042; see also 5 U.S.C. § 301. Congress specifically committed inmates sentenced to a term of imprisonment to the custody of the Bureau. 18 U.S.C. § 3621(a) and (b). Thus, prison officials have broad administrative and discretionary authority over the institutions they manage. Hewitt v. Helms, 459 U.S. 460, 467 (1983), overturned on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). As a result, courts should be very careful in exercising their authority when asked to put aside the judgment of prison administrators, See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). This Court has spoken on the validity of the IFRP:

> The Inmate Financial Responsibility Program, which encourages each federal inmate 'to satisfy his legitimate financial obligations' so as to demonstrate his 'acceptance of responsibility,' 28 C.F.R. 545.10, falls within the Bureau's authority to provide for, *inter alia,* the rehabilitation and reformation of federal inmates.

Prows v. United States Department of Justice, 704 F.Supp. 272, 275 (D.D.C. 1988), aff'd 938 F.2d 274 (D.C. Cir. 1991)(it should be noted that by the time of the Court of Appeals' affirmance, the program statement referred to by the District Court had been

4

promulgated by notice-and-comment rulemaking, 938 F.2d at 275 n.2).

Plaintiff does not challenge the amount of the fine imposed on him and the judgment neither addresses the timing of the payment of the fine nor does it delegate to anyone the responsibility for establishing a payment plan. It follows that this case is an attack on the way in which the sentence is being executed, where jurisdiction is in the district where the prisoner is incarcerated.

Under 28 U.S.C. § 1631 (Transfer to cure want of jurisdiction), the Court has the authority to transfer this case to the jurisdiction that has jurisdiction, the Eastern District of North Carolina. In choosing between dismissal and transfer, the Seventh Circuit has encouraged district courts to take a "peek" at the merits and to dismiss cases that are sure "losers." Phillips v. Seiter, 173 F. 3D 609, 610-11 (7TH Cir. 1999) (Posner, J). As explained above, the substance of this case does not have merit. Consequently, we recommend against the transfer of the case to the district having jurisdiction over it.

For the foregoing reasons, defendant's motion to dismiss should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

RAFAEL J. DOMINGUEZ,           )
                               )
            Plaintiff,         )
                               )
        v.                     )   Civil Action No. 05-2242 CKK
                               )
BUREAU OF PRISONS,             )
                               )
            Defendant.         )
                               )
_____)
```

## ORDER

UPON CONSIDERATION of the motion to dismiss filed by defendant and the response thereto, it is this _____ day of _____, 2006,

ORDERED that defendant's motion to dismiss is hereby granted; and it is further

ORDERED that this case is dismissed without prejudice from the docket of this Court.  This is a final, appealable order.


                              UNITED STATES DISTRICT JUDGE

Copies to:

Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Rafael J. Dominguez
#32274-004
FCI Butner
P.O. Box 1000
Butner, NC 27509-1000

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion To Dismiss to be served by first-class mail, postage prepaid, this 7th day of February, 2006, on:

>Rafael J. Dominguez
>#32274-004
>FCI Butner
>P.O. Box 1000
>Butner, NC 27509-1000

>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201