UNITED STATES DISTRICT COURTS
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

RAFAEL J. DOMINGUEZ.
Plaintiff

v.

BUREAU of PRISONS, et al.,

Respondents.

Civil Action #05-2242CKK

## MOTION

Pursuant to order dated February 8, 2006 and received on February 15, 2006 from This Honorable Court plaintiff does not know what is in the defendant's motion because he has been legally, and tactically denied a copy as to its contents.

Comes now Rafael J. Dominguez and respectfully moves this Court to accept the addendum to the docketed motion.

The Government has stated that it is difficult in finding/communicating with a prisoner. However, I beg to differ because the Bureau of Prisons could within ten minutes of any hour 24/7, days a week find my person. Although I sympathize with family crisis, I feel overwhelmed and pressured as a non-litigant when the Government has not shown to be commiserate to grant prisoner any extension for whatever reason.

1

RECEIVED
FEB 23 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Under the codes of criminal/civil procedures, the government with their vast superiority of position and capacity to manipulate wordage of the law. This has been my experience and becomes somewhat overwhelming for this petitioner, also the advantage would be overpowering and would seemly take legal favorably of some procedures did not have to be shared with an ordinary prisoner because they are filing Pro Se. The loss of Constitutional rights, even for a short time constitutes irreparable injury, Elrod v Burns, 347, 373 (1976); see also Deerfield Medical Center v City of Deerfield 661 F.2d 328 (5th Cir 1981). It has been repeatedly recognized by the federal courts at all levels that violation on constitutional rights constitutes irreparable harm as a matter of law, Elrod.

With this said, in the "Interest of Justice" and as a champion of rights, this Honorable Court is respectfully requested to appoint counsel for the petitioner if this case gets more complicated. If this case can not be resolved by not only the direct and weight of evidence so stated in the forthcoming judicial mandates and on the face of the records as submitted by petitioner. This would be necessary for adequate representation.

The Second Circuit Court noted the impropriety of the Inmate Financial Responsibility Program (IFRP) installment payments because the statutory plain language of 18 USC § 3572 (d) (fines) and 3663 (F)(1) (restitution) identically imposed upon the court (and only the court) the responsibility for determining the amount of each installment payment. Further more the court ruled because payment schedules under IFRP are not fixed according to a predetermined formula, but rather vary at the discretion

2

of the prisoner staff, only the IFRP guidelines as stated in the C.F.R. in fashioning the amounts to be paid, so long as discretionary authority to depart from the courts imposed fine or institution order is not vested in prison officials. Motimer, supra.

In Second Circuit Court noted the impropriety if the Inmate Financial Responsibility Program (IFRP) installment payments because the statutory plain language of 18 USC§ 3572 (d) (fines) and 3663 (f) (1) (restitution) identically imposed the court (and only the court) the responsibility for determining the amount of each installment payment further more the court ruled because payment schedules under IFRP are not fixed according to a predetermined formula but rather vary at the discretion of the prison staff, only the IFRP guidelines as stated in the C.F.P. in fashioning to be paid, so long as discretionary authority to depart from the courts imposed fine or restitution order is not vested in prison officials. Motimer, supra.

In United States v Miller, 77 F. 3d 71 (4th cir 1966) the court reversed that the defendant pays three thousand dollar fines and fifty thousand dollar restitution under the IFRP. The circuit court ruled that the district court erred in delegating to the BOP the determination of the timing and amount of the fine, restitution, and vacated the order to pay under the IFRP. Only the court has the authority to set the amount and timing of installment payments.

In United States v Ahmed, 2 F. 3d 245, 249 (8th cir. 1993) the court noted how much the defendant owes restitution and the extent to which payment may be

3

deferred is something only the judge must decide.

In <u>United States v Barony</u> 884 F.2d 1255 (9th cir. 1989), required the district court judge to determine whether and how much restitution is proper concerning the Defendants' ability to pay, and the timing and matter of installments. The BOP under the IFRP may not order installment payments for fines or restitution imposed by the court unless the court sets the amount and timing of the installment payment.

Congress passed the Federal Debt Collection Procedure Act of 1990 (FDCPA) 15 USC §1692 to eliminate abusive debt collections. As such, the FDCPA enumerates several practices considered contrary to that goal, and forbids debt collections from taking such actions. The threats to take action that can not legally be taken....15USC §1692(e). Any debt collector who fails to comply with a provision of The FDCPA, with respect to any person is liable to such person foe civil damages, 15 USC 1692k (a). <u>See Poirier v Alco Collections Inc.</u> 107 F.3d 347, 349 (5th cir. 1997).

Respondents (BOP) debt collector's should be mindful that under 42 USC 1983, 1985, 1986 and 1988, immunity will not attach to their official action when by 3662(f) and 3572(d) or when they knowingly circumvent the F.R.Civ.P. mandated in 28 USC $ 3001. Respondent debt collections do not have the as part of a criminal sentence authority to set the amount and timing of installation payments for fines and restitution imposed as part of a criminal sentence by a district court, only the judge has the authority.

4

## Conclusion

Neither the congress nor the Judiciary Branch if Government have given or have changed the laws to give the BOP concurrent judiciary authority nor have the Administrative Procedures Act been changed by the proper venue to accommodate this willful activity by the BOP. 18 USC § 3572 (d) still reads that the court is the legal entity to establish a payment schedule for fines ass previously stated, I am not an attorney, but I am able to research, it is still a verity that the BOP does not have the legal right to establish a payment plan, nor is it legal for any party signing a contract to be or sign under duress of any kind and have that contract be legal. There are numerous cases across the country by the federal courts to support petitioners claim that action as taken in retaliation, intimidation, threats and coercion and under duress are illegal. Petitioner believes he has proven these tactics employed by the respondents. The Court must put greater emphasis on the respondents (BOP) complete disregard for the laws of the land. The BOP is an active repressor. They completely believe they are "beyond the law". The BOP believes it could dictate and change any judicial mandate to whatever they wish it to mean. This belief concurrent judicial jurisdiction must not be allowed to continue. The BOP advocates and allows any and all violations of law against prisoners under the guise of defendants and punishers of those who are incarcerated. The BOP is running amok doing any and all things to the incarcerated.

5

This petitioner in addiction to aforementioned respectfully moves this Honorable Court besides adjudicating in favor of the petitioner as all the documented and other mandates reveal, grant the petitioner cause of action against the Bureau of Prisons and their personnel.

I do hereby declare under perjury that the foregoing is true and correct, Pursuant to 28 USC § 1746.

Dated: 02/20/2006

Respectfully submitted,

*/s/ Rafael Jesus Dominguez*

RAFAEL JESUS DOMINGUEZ
Reg.# 32274-004
F.C.I. Butner
P.O. Box 1000
Butner, N.C. 27509-1000

## Certificate of Service

I hereby certify that the original of the foregoing motion has been mailed to the Clerk of the Court, District of Columbia, Washington DC by depositing in the mail on this day 20th of February 2006.

*/s/ Rafael Jesus Dominguez*