UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAFAEL J. DOMINGUEZ,

    Plaintiff,

        v.                                    Civil Action No.  05-2242 (CKK)

BUREAU OF PRISONS, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner").  He is challenging the validity of the Inmate Financial Responsibility Program ("IFRP") implemented by the Bureau of Prisons ("BOP").  Defendants move to dismiss for lack of subject matter jurisdiction and improper venue.  Because the Court concludes that venue is more appropriate in the Eastern District of North Carolina, the case will be transferred.

### Background

The BOP instituted the IFRP for the purpose of encouraging "each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 541.10.   These financial obligations include special assessments, court-ordered restitution, and fines.  *Id.*, § 541.11(a).  Under the program,  prison staff assist an inmate in developing a financial plan and monitor the inmate's progress in meeting the financial obligations.  *Id.*, § 541.11.   The financial plan can impose a minimum payment of $25.00 per quarter to a maximum of 50% of an inmate's monthly UNICOR

pay. *Id.*, § 545.11(b).[1]

The inmate is responsible for making satisfactory progress in complying with the financial plan and providing documentation of his payments. *Id.*   Prison staff are required to monitor an inmate's progress to assess his level of responsible behavior. *Id.*, § 545.11(c).  An inmate's refusal to participate in the IFRP or to comply with his financial plan may result in negative consequences, such as the denial of furloughs and employment, commissary spending limitations, unfavorable housing, and the refusal of placement in a community-based program. *Id.*, § 545.11(d).

On January 29, 1991, in the United States District Court for the District of Puerto Rico, Plaintiff was sentenced to 50 years imprisonment and ordered to pay a $30,000.00 fine. Complaint ("Compl."), Document ("Doc.") 1-2, p. 5.[2]  Plaintiff alleges that from March, 1997 to the present, he has signed an Inmate Financial Contract pursuant to the IFRP under coercion and duress. *Id.*, ¶ 3 & Doc. 1-2, pp. 1-4, 7.  The contract provides, in relevant part, that:

> A staff member has provided me with information regarding the potential consequences of a refusal on my part to participate in the Inmate Financial Responsibility Program.
>
> I agree to submit payments toward satisfaction of the financial obligation(s) indicated on this form in accordance with the payment plan outlined below.  I agree to follow this payment plan until the financial obligation(s) is satisfied.

*Id.*, p. 1.  The required quarterly payment under the plan was either $25.00 or 50% of plaintiff's

---

[1] UNICOR is a program that provides work and training opportunities for federal inmates. *Id.*, § 345.11(a).

[2] Document 1-2 on the docket sheet contains the exhibits attached to the complaint. The Court may consider matters outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction. *Estate of Klieman v. Palestinian Authority*, 2006 WL 832501, at *2 (D.D.C. March 30, 2006).

work salary. *Id.*, pp. 1-4, 7.

In March, 1997, Plaintiff filed a Request for Administrative Remedy challenging the policy. *Id.*, pp. 8-9. He contended that the BOP did not have the authority to implement a payment plan that was imposed by the United States District Court. *Id.*, p. 11 & Compl., ¶ 8. Plaintiff's remedy was denied at the institutional level. *Id.*, ¶ 4. On August 21, 1997, Plaintiff completed the administrative remedy process, and the BOP found that his complaint had no merit. Doc. 1-2, p. 17. Plaintiff then filed this action.[3]

### *Standard of Review*

Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss on the grounds of lack of subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the

---

[3] Plaintiff's motion for a temporary restraining order was denied on November 17, 2005.

plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F.Supp. 2d 118, 122 (D.D.C. 2006)(citation and quotation omitted).

_____In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and are granted "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citing *Conley*, 355 U.S. at 45-46).

In ruling on a motion to dismiss for improper venue, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001); *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 277 (D.D.C.2002). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.,* 148 F. Supp.2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

*Discussion*

Defendants contend that this is not the proper jurisdiction in which to adjudicate

Plaintiff's claims.  As the bases for jurisdiction, the complaint cites 28 U.S.C. § 2241, the

habeas corpus statute, and 28 U.S.C. § 1331, the federal question statute.[4]  Habeas corpus

jurisdiction resides only in the district court where the prisoner is incarcerated  *Padilla v.*

*Rumsfeld*, 542 U.S. 426, 433 (2004).  The warden where the petitioner resides is the custodian for

purposes of habeas jurisdiction.  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir.),

*cert. denied*, 543 U.S. 975 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would

have a "probabilistic impact" upon the duration of his custody.  *Chatman-Bey v. Thornburgh*, 864

F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82

(2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the

invalidity of confinement or its duration").  Plaintiff is challenging a BOP policy that affects his

conditions of confinement, specifically his eligibility for certain privileges, such as prison

employment.  Success on the merits would not affect the length of Plaintiff's sentence;

therefore, the Court will not construe this case as a petition for writ of habeas corpus.[5]

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions

---

[4] Plaintiff cites several other statutory provisions but none of these provisions provide a basis for jurisdiction in this case.

[5] The complaint also does not challenge the validity of the sentence imposed by the District Court of Puerto Rico.  Therefore, Plaintiff did not have to pursue his claims through a 28 U.S.C. § 2255 motion.  That statute provides that a prisoner may file a motion in the sentencing court alleging that his sentence is unconstitutional or that his conviction is otherwise subject to collateral attack.

arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges that certain provisions of the Code of Federal Regulations and the BOP's implementation of the IRFP are unconstitutional and an improper exercise of judicial authority. Therefore, Plaintiff has raised a federal question over which this Court has jurisdiction.

Defendants also move to dismiss based on improper venue. A civil action against an agency, officer, or employee of the United States may be brought in any judicial district in which (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where the plaintiff resides. 28 U.S.C. § 1391(e). One of the defendants, the BOP, is headquartered in the District of Columbia. *See Shorter v. Lappin*, 2006 WL 752932, at *3 (D.D.C. March 21, 2006). Therefore, venue is proper here.

The fact that the case is not subject to dismissal based on improper venue does not necessarily mean that the action should remain in this district.[6] Under 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways, Inc.*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court should typically give deference to a party's forum choice, it may give substantially less deference when

---

[6] Defendants acknowledge that the case could be transferred and Plaintiff appears to oppose a transfer.

the forum preferred by the plaintiff is not his home forum. *Piper Aircraft, Co. v. Reyno*, 454 U.S.

235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001). Plaintiff's

residence for purposes of venue is the place of his incarceration. *Starnes v. McGuire*, 512 F.2d

918, 925 n.7 (D.C. Cir. 1974)(en banc). FCI-Butner is located in the Eastern District of North

Carolina. *Dorman v. Thornburgh*, 740 F.Supp. 875, 880 (D.D.C. 1990), *aff'd in part, dismissed*

*in part, on other grounds,* 955 F.2d 57 (D.C. Cir. 1992). "Many, if indeed not most, petitions

filed by prisoners not confined in the District of Columbia and not sentenced here originally, will

tend to involve factors that make transfer to the place of incarceration appropriate." *Starnes*, 512

F.2d at 926.

 In addition to being Plaintiff's place of residence, FCI-Butner is also where all the events

that gave rise to this action occurred. Any relevant witnesses would be personnel at that

institution. Consequently, this action might have been brought in the Easter District of North

Carolina. And although this case involves a matter of BOP national policy, that factor is not

determinative. *Huskey v. Quinlan*, 785 F.Supp. 4, 7 (D.D.C. 1992). "[T]he advantages of

litigating a national policy issue in the forum where that policy has been developed must be

weighed against the factors suggesting" a transfer of venue. *Starnes*, 512 F.2d at 929. "[T]here is

certainly no reason why all cases involving the construction or constitutionality of a federal statute

should be litigated in the District of Columbia." *Id.* at 925 n. 7. Moreover, because the

implementation of the national policy occurred in Butner, North Carolina, venue is more

appropriate there. *See Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003); *Huskey*, 785

F.Supp. at 7.

 Having considered all the relevant factors, and in the interests of justice, the Court will

order the case transferred pursuant to 28 U.S.C. § 1404(a).

### *Conclusion*

Based on the foregoing, Defendants' motion to dismiss will be denied and the case transferred to the Eastern District of North Carolina. A separate Order accompanies this Memorandum Opinion.


        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: May 25, 2006